# SUPREME COURT

# SPECIAL TERM REPORTS.

## VOL. 3.  NO. 10.

JULIUS H. ROBERTS vs. AMOS R. THOMPSON and others.

On an application by Defendants for leave to examine a *co-defendant*, (on a reference to hear and determine) the usual order for such examination (rule 63) must be obtained. The Code of Procedure does not affect this question. The sections 344, &c., refer only to an examination of a party by an *adverse* party, and are not applicable to the examination of a Defendant by his co-defendant.

*New York Special Term, Oct. 21st, 1848.*—Before Justice BARCULO.

T. SEDGWICK, *for Plaintiff.*

Mr. PORTER, *for Defendants.*

BARCULO, Justice.—Three of the Defendants apply for leave to examine Charles Hoyt, a co-defendant. It appears that on the 17th May, 1848, the cause was referred to a referee to hear and determine; that proofs have been taken from time to time before the referee, until the 20th Sept. last, when the Plaintiff rested, and the Defendants were called upon for their defence. The counsel on behalf of the Defendants, Thompson, Sears and Osborn, then offered said Charles Hoyt as a witness, whose testimony the referee declined to receive, unless an order was obtained from this court.

I am not aware of any principle upon which this application can be granted. The Defendants have been guilty of gross laches in not entering the usual order for the examination of a co-defendant, (Rule 63.) But even if the rule had been complied with, I cannot see how the other objections could be obviated. Charles Hoyt has put in an answer. He is charged with a fraudulent combination with the other Defendants in matters where he appears to be interested, and may be charged with

41

costs. The affidavit does not even deny his interest, although that was always necessary under the rule of the late Court of Chancery.

The Code of Procedure does not affect this question. The sections 344, &c., refer only to an examination of a party by an *adverse* party, and are not applicable to the examination of a Defendant by his co-defendant. Motion denied, with $10 costs.