**In re CITY OF CORAL GABLES, FLA.**

**No. 1867.**

District Court, S. D. Florida, Miami Division.

Feb. 4, 1941.

Morton B. Adams and Redfearn & Ferrell, all of Miami, Fla., for petitioner.

Wylie & Warren and Joseph P. Lea, Jr., all of St. Petersburg, Fla., for American Nat. Bank.

HOLLAND, District Judge.

The City of Coral Gables, Florida, filed a petition in bankruptcy for the confirmation of a plan of composition of its bonded indebtedness, which plan had been partially executed prior to the filing of the petition. Certain dissenting creditors, among them the American National Bank of Nashville, Tennessee, filed answers and objections to the plan of composition, and objections to the proofs of claim of certain assenting creditors, who held refunding securities acquired by them in the partial execution of the plan. These assenting creditors had filed written consents to the plan of composition which are attached to the petition. While testimony was being taken on the issues made by the petition, and the answers and objections to the plan, before a special master appointed by this Court to hear the same, the American National Bank of Nashville, Tennessee (to whose proof of claim objection had been made by the petitioner, City of Coral Gables, on the ground that said Bank did not own the coupons listed in the proof of claim, and that the coupons held by said Bank were not the obligations of the petitioner), propounded by mail 34 interrogatories to the assenting creditors, and notified them that the failure to answer the interrogatories would be contempt of Court. The interrogatories recite that they are propounded under authority of General Order No. 37 of the Federal Bankruptcy Act of June 22, 1938, as amended January 16, 1939, 11 U.S.C.A.

following section 53, and pursuant to Rule 33 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

Upon objection of the City of Coral Gables, this Court on January 25, 1941, issued an order authorizing the parties interrogated not to answer the interrogatories unless later directed by the Court to do so, and directing said Bank to show cause, if it so could do, why said order should be vacated.

The matter is now before the Court on the motion of the American National Bank of Nashville, Tennessee, to vacate the said order issued January 25, 1941, and upon the return filed to the stay order, both of which were presented and filed in open Court at the time of this hearing.

I shall approach the matter from the standpoint of General Order No. 37 being fully applicable to this case. It is provided therein that the Federal Rules of Civil Procedure in bankruptcy are to be held applicable insofar as they are not inconsistent with the Act, or with the General Orders, and that they be followed as nearly as may be. For the purpose of this decision, I am regarding the Rules of Civil Procedure as being fully applicable.

■ Counsel for the Bank mistake or misconceive their rights under the present situation. The new Federal Rules contemplate an orderly administration of justice, and recognize all the provisions of the Constitution in regard to due process of law.

■ Rule 33 deals with interrogatories propounded to adverse parties. On the record there is no adversity between the American National Bank as a dissenting creditor and the assenting creditors. Their attitude toward the plan of composition proposed by the petitioner is opposite, but the adversity contemplated by Rule 33 is between the dissenting creditors and the petitioner, the City of Coral Gables. The City of Coral Gables as petitioner is represented by counsel, and interrogatories proposed under Rule 33 should be propounded to such an adverse party. The Rules dealing with depositions and discovery, Nos. 26 to 37, inclusive, provide for cross-examination by adverse parties, both when the deposition is taken orally on notice, or when it is taken by interrogatories. Rule 26 does provide for the taking of the testimony of any person, whether a party or

not, but it is specifically provided that if the deposition is to be taken before an answer has been served, after jurisdiction has been obtained over any defendant, or over any property which is the subject matter of the action, that leave of Court must be had. Certainly the Court would protect the rights of all parties in granting such leave. If the deposition is to be taken after an answer is served, whether of a party or not, that adverse party so answering is entitled to notice, entitled to attend an oral examination, or to file cross interrogatories if the deposition is taken on interrogatories.

For these reasons I am of the opinion that Rule 33 under this present situation is not applicable, and that the motions filed by the American National Bank should be denied.

It is, therefore, ordered, that the restraining order entered January 25, 1941, be made permanent.

The American National Bank, or any other dissenting creditor, however, is not deprived of its right to pursue all other methods of developing testimony as provided by the Rules as is consistent with this opinion.

Done and ordered at Miami, Florida, this 21st day of February, 1941, in accordance with the opinion rendered from the Bench on February 4, 1941, at Fort Pierce, Florida.