MINNIE PARODIS and STEVEN PARODIS, Plaintiffs, *v.* HEARN DEPARTMENT STORES, INC., Defendant, and LOUIS RUBIN, Doing Business under the Firm Name and Style of NEW YORK TOY & GAME MANUFACTURING CO., and HERBERT RUBIN, Doing Business under the Firm Name and Style of NEW YORK TOY & GAME SALES CO., Impleaded Defendants.

Supreme Court, Special Term, New York County. February 18, 1942

*Andrews, Baird & Shumate* [*Zachary H. Wolff* of counsel], for the defendant Hearn Department Stores, Inc.

*Lind & Marks* [*Norman L. Marks* of counsel], for the defendant Herbert Rubin.

*William Friedman*, for the defendant Louis Rubin.

EDER, J. This is an application by the defendant Hearn Department Stores, Inc., for the examination before trial of the impleaded defendants Louis Rubin and Herbert Rubin upon the items set forth in the notice, and that said impleaded defendants, upon such examination, produce their office records and divers other documents in connection with the examination sought. Notice of this application was given to the attorneys for said defendants, and they oppose the same upon the ground that there is no valid authority for an examination before trial by one codefendant against another where the codefendants are affected only by a *cross-claim* made in the answer of one of the defendants; that an examination before trial pursuant to section 288 of the Civil Practice Act is necessarily limited to a case which involves the protection or defense of an action.

The plaintiff wife sued the defendant Hearn Department Stores, Inc., to recover damages for personal injuries alleged to have been suffered by her while she was on the premises of said defendant; the complaint avers that one of said defendant's employees negligently demonstrated a toy gun in the toy department causing a projectile from said gun to strike said plaintiff in her eye. The said defendant denied all the material allegations in the complaint and particularly that allegation setting forth that the injury was accounted for by the negligent act of an employee of said defendant. The answer of the said defendant for an answer and cross-complaint against the impleaded defendants Rubin, set forth that the Rubins sold to the defendant Hearn a number of target games and that pursuant to agreement they furnished an employee by the name of

Silverberg; that he, Silverberg, was present at defendant Hearn's store in the furtherance of the business of said Rubins; that while plaintiff was at the store of the defendant Hearn, in the toy department, she was struck by a projectile from a toy gun, causing her to sustain the injuries which form the basis of her cause of action.

It is therein further alleged that any injuries sustained by said plaintiff or damages sustained by her husband, who is also a plaintiff, were due to the primary negligence of said Silverberg, the employee of the Rubins, while acting in the scope of his employment in the demonstration of said toy gun in such a manner as to let the projectile strike the plaintiff, in failing to take necessary precautions to avoid such occurrence, in failing to observe the presence of the plaintiff, and was otherwise negligent and careless in the premises without any negligence on the part of the defendant Hearn contributing thereto, and if a verdict is rendered against the defendant Hearn, it will be entitled to recover over and against the defendants Rubin for any and all damages sustained by it by reason of the primary negligence of the defendants Rubin, their agents, servants and employees, together with costs. Judgment dismissing the complaint is demanded, or in the event judgment is rendered against defendant Hearn, that it have judgment over against the defendants Rubin for the same amount or such proportionate amount in accordance with the provisions of the Civil Practice Act. The defendants Rubin were brought into this action by order of this court upon application of defendant Hearn.

The defendants Rubin have served answers denying the material allegations of the answer and cross-complaint.

The counsel for defendants Rubin have not submitted any authority to sustain the contention advanced; the defendant Hearn, through counsel, refers to and relies on *Mackay, Lovell & Co., Inc.,* v. *Dillon* (215 App. Div. 842 [2d Dept.]), a memorandum decision, as showing that where there is an issue to be tried between two defendants, the defendant having the affirmative of the issue is entitled to examination under section 288 of the Civil Practice Act.

The language of the memorandum decision would seem to lend strength to the impression that it is applicable to the instant question, but it is without effect or application; an examination of the record on appeal and briefs discloses that no answer and cross-complaint was involved.

It admits of no doubt, I think, that where there are two or more defendants the provisions dealing with examination of a party by an adverse party is not applicable to the examination of a defendant by his codefendant. (See *Roberts* v. *Thompson,* 3 How. Pr.

321; *Redfield* v. *National Petroleum Corp.*, 211 App. Div. 152.) The rule is clearly stated in 18 Corpus Juris, 1084, as follows: " Co-defendants are not adversary parties within the meaning of a statute permitting an examination of the adverse party before trial, unless there are some rights to be adjusted between them in the action, *as where a third person is made defendant to a counterclaim.*" (Italics mine.)

The cross-complaint contained in the answer of the defendant Hearn alleges a complete cause of action; under it there are rights to be determined in the present case between the defendant Hearn and the defendants Rubin; the defendant Hearn makes a claim against the defendants Rubin; it asserts a right of recovery; it sets up a cause of action; it states a grievance against said defendants Rubin; there are issues between them; they are adverse parties; defendant Hearn is prosecuting a cause of action against the defendants Rubin.

So far as here relevant, section 288 of the Civil Practice Act provides: " Any party to an action in a court of record may cause to be taken by deposition before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

The opposition seems to rest on the premise, also, that the " action " mentioned in the statute means the controversy between the plaintiff and defendant and not any action or controversy between defendant and codefendant. I do not share such view; it seems clear to me that no such limitation is intended and that the words " *any* party " embrace not alone plaintiff and defendant, but defendant and codefendant as well, provided a controversy in the nature of an independent cause of action exists between them, coming within the purview of section 264 of the Civil Practice Act, dealing with " Controversy between defendants," and the contention to the contrary is overruled.

As to the propriety of the items upon which examination is sought, of the five items enumerated, only items 1, 2 and 5 are objected to. I think they are proper; likewise I am of opinion that the books and records required to be produced are properly demandable and they will be produced in compliance with section 296 of the Civil Practice Act. Motion granted. Settle order.