**TRADESMENS NAT. BANK & TRUST CO.
v. CHARLTON STEAM SHIPPING CO.,
Limited, et al.**

**Civ. No. 3140.**

District Court, E. D. Pennsylvania.

March 10, 1944.

Abraham E. Freedman (of Freedman & Goldstein), of Philadelphia, Pa., for plaintiff.

George M. Brodhead, Jr., (of Rawle & Henderson), of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is a civil action brought by the executors of the estate of Raymond C. Foster to recover damages by reason of his death from injuries received while boarding the Steamship "Hollinside".

Process was served on two of the four defendants, Texas Transport & Terminal Company and Furness Withy & Company, Ltd., and they have filed answers to the complaint. With respect to the remaining defendants, Charlton Steam Shipping Company, Ltd., and Charlton McAllum & Company, Ltd., service of process was made by the Marshal on one William G. Munro, allegedly as manager of these two companies. Each of these two companies filed a motion to dismiss the complaint on the ground that neither of them was doing business in this district, nor had any office, agent or employee here. The motions further stated that each defendant was a corporation organized under the laws of the United Kingdom and not registered to transact business in Pennsylvania.

In support of their motions, defendants filed an affidavit executed by Mr. Munro stating that he was the local manager for the defendant Texas Transport & Terminal Company; that at the time of the service he was not an officer or agent of the British corporations; that neither of them had any place of business in his office nor in the building in which it was located, nor any dock, pier, other property, freight or passenger office in this district.

This affidavit was subsequently supplemented by the affidavit of the principal officers of the two British corporations, which set forth that the defendant Charlton McAllum & Company, Ltd., since 1918 had been manager of the Charlton Steam Shipping Company, Ltd., and the ships owned by it; that neither was engaged in business in the United States; that the Steamship "Hollinside" was requisitioned by the British Government in 1940, and was sunk by enemy action in 1942; that it was the last surviving vessel of the defendants' fleet, and that since its loss

364

they have owned no other ships. The affidavit further sets forth that during the last ten years vessels owned by the Charlton Steam Shipping Company, Ltd., have made only six visits to the Port of Philadelphia—one in 1933, two in 1934, and one in each of 1938, 1939 and 1940; that for the first four visits, S. L. Rogers & Company acted as agent to do the ship's ordinary business while in port, but had no authority to accept service; that in 1939 Texas Transport & Terminal Company was the agent, and in 1940 John G. Rogers & Company, Inc., acted in that capacity; and that defendant Furness Withy & Company, Ltd., never was authorized to, nor did, act as agent for these defendants.

Plaintiff filed two sets of interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, one directed to the defendants Texas Transport & Terminal Company and Furness Withy & Company, Ltd., and the other to the defendants Charlton Steam Shipping Company, Ltd., and Charlton McAllum & Company, Ltd. Both sets of interrogatories contain questions directed solely to the discovery of facts by which plaintiff seeks to establish that the two British corporations are doing business in this district sufficiently to bring them within the jurisdiction of this court. All of the defendants filed objections to the interrogatories, assigning various grounds which will now be considered.

■ Defendants Charlton Steam Shipping Company, Ltd., and Charlton McAllum & Company, Ltd., contend that they may not be required to answer interrogatories under Rule 33 of the Federal Rules of Civil Procedure which permits a party to serve upon any "adverse party" written interrogatories to be answered under oath. This contention seems valid. Where a corporation named as a defendant in an action has challenged the jurisdiction of the court to entertain the action against it on the ground that it has no property or agents in the jurisdiction and is not doing business therein, it is difficult to see how it may be considered as an "adverse party" within Rule 33 so as to be required to answer under oath interrogatories served upon its alleged agent or, in the alternative, be subject to the penalties prescribed by the rules for refusing to answer. Certainly, is this true where, as in the case at bar, plaintiff has failed to make out prima facie showing that the de-

fendants are within the jurisdiction, and indeed the present record strongly supports defendants' contention that they are not.

■ In view of the scope of the inquiry of the interrogatories, the question whether the other defendants may be required to answer them is not free from doubt. Those defendants contend that they should not be compelled to answer interrogatories having no relevancy to the merits of the case against either themselves or the other defendants, but limited solely to matters bearing on whether the other defendants are within the jurisdiction of this court. The scope of pre-trial examination is set forth in Rule 26(b) of the Federal Rules of Civil Procedure which authorizes examination "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or the defense of the examining party or to the claim or defense of any other party." If, therefore, the challenge of the other defendants to the jurisdiction of the court constitutes a "defense" within the meaning of Rule 26(b), this rule would appear to permit examination of defendants who have been duly served, on matters concerning the question whether such other defendants are within the jurisdiction of the court. Rule 12(b) provides that "lack of jurisdiction over the person" is a "defense" which may be raised by a party by either motion or responsive pleading. In view of the liberal interpretation of the rules with respect to pre-trial examination, I am of the opinion that the defendants Texas Transport & Terminal Company and Furness Withy & Company, Ltd., are required to answer the interrogatories served upon them in this matter.

These defendants further contend, however, that they should not in any event be compelled to answer the detailed interrogatories filed by the plaintiff because they are too burdensome and have little or no relevancy. If the information contained in the affidavits of record is correct and complete, negative answers by these defendants will eliminate many of the asserted difficulties. Further relief will be afforded by the following rulings with respect to the interrogatories to be answered by these defendants:

First Interrogatory—The period of time for which information need be given, including the subparagraphs, shall be limited

to the period from January 1, 1939 to date. Subparagraph (f) need not be answered.

The objections of the defendants Charlton Steam Shipping Company, Ltd., and Charlton McAllum & Company, Ltd., to the interrogatories propounded to them, are sustained.

The objections of the defendants Furness Withy & Company, Ltd., and Texas Transport & Terminal Company, to the interrogatories propounded to them, are sustained and modified in so far as set forth in this opinion, and overruled in all other respects.