## LENZ v. SUDDEN & CHRISTENSON, Inc.

### No. 205 of 1944.

District Court, E. D. Pennsylvania.

June 27, 1945.

As Amended July 31, 1945.

---

402

Freedman, Landy & Lorry, of Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, of Philadelphia, Pa., for respondent.

KALODNER, District Judge.

The question involved is whether a respondent who is challenging the jurisdiction of this Court may be required to answer interrogatories pertaining to the challenged jurisdiction.

The libellant in an action in personam in admiralty, is seeking wages, penalty, maintenance and cure. Service of the citation and libel in personam was made by leaving a copy at the office of the Waterman Steamship Corporation as agent of the respondent. The respondent then appeared specially and moved to vacate the service upon the following grounds: (1) That it is a California corporation and its principal office and place of business in San Francisco, California; (2) that it is not registered to carry on business in the Commonwealth of Pennsylvania and has not engaged in business in said Commonwealth; and (3) that it does not maintain an office or place of business within the Commonwealth of Pennsylvania.

The libellant filed an answer to the motion to vacate service, admitting that the respondent is a California corporation, but averring that it has been, and is presently engaged in doing business within this District and further that the respondent by its duly authorized agent (Waterman Steamship Corporation) has maintained a place of business within this District.

Subsequently, the libellant propounded a series of interrogatories which it contends is designed to throw light on the question of whether the respondent is carrying on business within this District by a duly authorized agent. The respondent in turn filed exceptions to these interrogatories contending that it is not an adverse party within Rule 31 of the Admiralty Rules of the United States Supreme Court, 28 U.S. C.A. following section 723.

Dispositive of the issue here involved is the ruling by my Brother Bard, with which I am in complete accord, in Tradesmens Nat. Bank & Trust Co., v. Charlton Steam Shipping Co., Ltd., et al., D.C.1944, 3 F.R.D. 363, 1944 A.M.C. 475. In holding that a libellant is without right to propound interrogatories to a respondent who had appeared specially to deny jurisdiction, Judge Bard said, 3 F.R.D. at page 364:

"Where a corporation named as a defendant in an action has challenged the jurisdiction of the court to entertain the action against it on the ground that it has no property or agents in the jurisdiction and is not doing business therein, it is difficult to see how it may be considered as an 'adverse party' within Rule 33 so as to be required to answer under oath interrogatories served upon its alleged agent or, in the alternative, be subject to the penalties prescribed by the rules for refusing to answer."

For the reasons stated the respondent's exceptions to interrogatories must be sustained and it is so ordered.

In conclusion, it must be noted that altho Judge Bard's opinion dealt with Rule 33 of the Federal Rules of Civil Procedure while the instant case is under Rule 31 of the Admiralty Rules, the words "adverse party" as used in both rules must be given the same effect and meaning.