9 N.J. Super. 462 (1950)
75 A.2d 289
CARMINE STIVALI, PLAINTIFF,
v.
CHRIS SPACE AND PUBLIC SERVICE COORDINATED TRANSPORT, DEFENDANTS.
Superior Court of New Jersey, Essex County Court Law Division.
Decided July 28, 1950.
*464 Mr. Carl T. Freggens by Mr. Thomas J. McCloskey, attorney for defendant, Public Service Coordinated Transport.
Messrs. Coult & Satz by Mr. Henry G. Morgan, attorneys for defendant, Chris Space, answering as Chris Space Damos.
WILLIAM A. SMITH, J.S.C.
This action is brought by the plaintiff against one Chris Space, who answers as Chris Space Damos, and the Public Service Coordinated Transport. The first count charges, with reference to an accident which occurred on July 22, 1945, that the plaintiff was a passenger in the individual defendant's car which was in collision with a Public Service Coordinated Transport bus, and charges negligence on the part of the individual defendant. The second count refers to the same accident and charges negligence on the part of the corporate defendant. The defendants answered, each denying the negligence charged in their respective counts.
The defendant, Chris Space Damos, propounded interrogatories to the corporate defendant under Rule 3:33, and the corporate defendant now moves its objection to the interrogatories on the ground that under Rule 3:33 interrogatories may only be served upon an adverse party and the interrogatory is improper as a matter of law. The interrogatory propounded was: "State the identity and location of persons having knowledge of any relevant facts." The motion was argued and it was urged that the adverse party contemplated by the Rule was one as to whom the adverseness was demonstrated by the pleadings, that is, there was an issue created by the pleadings between the parties. The pertinent part of Rule 3:33 is as follows:
"After the commencement of the action any party may serve upon any adverse party written interrogatories to be answered. * * *
"Interrogatories may relate to any matters which can be inquired into under Rule 3:26-2, and the answers may be used to the same extent as provided in Rule 3:26-4 for the use of the deposition of a party."
*465 Rules 3:26-2 and 3:26-4 read as follows:
"3:26-2. Scope of Examination
"Unless otherwise ordered by the court as provided by Rule 3:30-2 or 3:20-4, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Nor is it ground for objection that the examining party has knowledge of the matters as to which testimony is sought. The deponent shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 3:35, the conclusions of an expert."
"3:26-4. Use of Depositions
"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any one of the following provisions:
"(a) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
"(b) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing or authorized agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose.
"(c) The deposition of a witness, whether or not a party, may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had due notice thereof, provided the court finds: (1) that the witness is dead; or (2) that the witness is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (3) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (4) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (5) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
*466 "(d) If only part of a deposition is offered in evidence by a party, an adverse party may require him to offer all of it which is relevant to the part offered, and any party may offer any other parts.
"(e) When a defendant has failed to appear or to answer in any civil action, depositions and interrogatories may be taken without notice to such defendant. In an action for divorce or nullity, however, depositions and interrogatories shall be taken only for good cause shown.
"Substitution of parties does not affect the right to use depositions previously taken; and, when an action in any court of this state, of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor."
While what the propounder of the interrogatories in this case desires by way of answers is contemplated under Rule 3:26-2 and Rule 3:26-4 referred to in Rule 3:33, still the interrogatories may only be propounded to an adverse party. It is therefore in this motion necessary to determine whether these two defendants are adverse parties under the contemplation of the Rule. The Rules nowhere define how the adverseness of the party must be demonstrated. The relationship of the defendants in an action such as the one which is here brought was passed upon and decided in the case of Pearlman v. Truppo, 10 N.J. Misc. 477, 159 A. 623 (Sup. Ct. 1932) (not officially reported). That action arising out of a collision between the automobiles of the plaintiff, Pearlman, and the defendant, Truppo, had been dismissed as to all plaintiffs except Pearlman, and the defendant Truppo moved leave to file an amended answer to include the defense of res adjudicata because a suit had been instituted by one Helen Lerman who was a passenger in the Pearlman automobile against both Pearlman and Truppo as co-defendants and had recovered a judgment against Pearlman alone, a nonsuit being entered in favor of Truppo. Justice Ackerson, then sitting as a Supreme Court Commissioner while Circuit Judge, in disposing of the question, said:
"In the former action no counter-claim or cross-pleading was filed by either defendant as against the other. The plaintiff therein, Helen Lerman, charged that the accident was caused by the negligence of *467 both Pearlman and Truppo. They each filed separate answers denying liability and claiming the accident was caused by the negligence of the other defendant or some other person.
"It is fundamental and universal that the former judgment proffered as res adjudicata in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were adverse parties. What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability inter sese. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other. Bakula v. Schwab et al. (Wis.), 168 N.W. Rep. 378; Merrill v. St. Paul City Railway Co. (Minn.), 212 Id. 533; Snyder v. Marken, 116 Wash. 270; 199 Pac. Rep. 302; 22 A.L.R. (Anno.) 1272; Self v. International Railway Co., 230 N.Y. Supp. 34; Pullam v. Greater Eagle Wet Wash Laundry Co., 243 Id. 55; Erie Railroad Co. v. Buffalo, &c., Traction Co., 221 N.Y. Supp. 680; affirmed, 246 N.Y. 625; 159 N.E. Rep. 677; Trotter v. Klein, 249 N.Y. Supp. 20; Westfield Gas & Mill Co. v. Noblesville & E. Gravel Road Co., 13 Ind. App. 481; 41 N.E. Rep. 955; 55 Am. St. Rep. 244; Wiltrout v. Showers, 118 N.W. Rep. 1081.
"In the case of Bakula v. Schwab et al., supra, the court in considering who are adverse parties said:
"`There was no issue between Schwab and Wilkenson' (co-defendants in a tort action). `The plaintiff was endeavoring to hold both. It was the endeavor of each to escape liability to the plaintiff. Each might have sought to escape this liability by fastening the blame upon the other, but in no other sense were they adverse parties. Schwab did not have control of the proceedings to enable him to exhaust the question of Wilkenson's liability.'
"In Merrill v. St. Paul City Railway Co., supra, the court in discussing the same question in a tort action, where two parties had been joined as co-defendants, said:
"`Each' (defendant) `answered, denied negligence, and claimed the other's negligence was the proximate cause of plaintiff's injuries. The defendants offered evidence to sustain their respective claims. But why? Because they were offering matter in defense of plaintiff's claim. The only issue is between plaintiff and each of the defendants, who were made parties at the will of plaintiff, who could have dismissed as to either, and the other could not have been heard to complain. The co-defendants were not, in law, adverse parties simply because they were not by the pleadings arrayed on opposite sides. The *468 fact that each sought to escape liability by attempting to fasten the blame upon the other does not make them adverse parties.'"
This case would seem to be dispositive of the question here presented. However, conceding the intention of the present Rules to make available all pertinent information to the parties, it is advisable to consider the question further.
Before adoption of the new Rules, the old section 140 of the Practice Act of 1903 (P.L. 1903, c. 247, § 140) (R.S. 2:27-165 et seq.), governed the propounding of interrogatories: "Answers to interrogatories shall be evidence in the action if offered by the party proposing the interrogatories, but not otherwise." The purpose of interrogatories according to the cases decided under this statute was to aid the party propounding the interrogatory to present his case; they must have been directed to matters material to the issue and of such a character as to elicit responses as would be relevant and competent evidence for the party propounding them. Watkins v. Cope, 84 N.J.L. 143. We must therefore conclude that the law with regard to civil actions prior to the adoption of the new Constitution and Rules did not contemplate propounding interrogatories to elicit information such as can be inquired into under Rule 3:26-2 or to use the answers to the same extent as provided in Rule 3:26-4.
Rule 3:33 with regard to interrogatories is derived in a large part from the Federal Civil Rule 33, as amended. This is indicated by the wording of the Rule and by the comment on the Rule in the Tentative Draft of Rules. Cases decided under the federal rule indicate that the parties under consideration on this motion are not adverse parties under the rule, indicating that the adverseness must be determined by an inspection of the pleadings in order to demonstrate an issue between the parties. Harlan Produce Co. v. Delaware, L. & W.R. Co., 8 F.R.D. 104 (D.C.W.D.N.Y., 1948). See also Silk v. Sieling, 7 F.R.D. 576 (D.C.E.D. Pa., 1947); In re City of Coral Gables, 1 F.R.D. 600 (D.C.S.D. Fla., 1941); cf. Tradesmans Nat'l. Bank & T. Co. v. Charlton Steam S. Co., 3 F.R.D. 363 (D.C.E.D. Pa., *469 1944), and Lenz v. Sudden & Christenson, Inc., 4 F.R.D. 401 (D.C.E.D. Pa., 1945).
The court does not feel justified in permitting the interrogatory in question in this case in the face of the previous status of interrogatories in our civil jurisdiction, the retention of the reference to adverse parties in the new rule, and the rulings of the federal court from which our present rule is adopted.
It may well be that the present rule should be amended so as to permit the eliciting of the information which might be elicited under Rule 3:26-2 and might be used to the extent as provided in Rule 3:26-4, but there should be some distinguishment between an interrogatory that is going to be used for the purpose of obtaining evidence and one that is being used for the mere purpose of obtaining information. The effect of permitting information such as is sought by the interrogatory in question is that interrogatories may be introduced in evidence and if applied to a relationship between the parties as in this case, they would not be evidence against the plaintiff and the answers would not be binding on the plaintiff and therefore would be of little use to the party propounding them, except for the purpose of obtaining information.
The right to obtain information from a party not adverse under the pleadings is given to a party by way of examination before trial, as has been previously indicated, and in such case notice can be given to all parties so as to make the result of the examination useful at the trial. I believe that it was the intention of the rule-makers to permit one party to submit interrogatories to another party, but that by adopting the terminology of "adverse party" they have withheld the right. The Rule, 3:33, could be easily amended by adding a new paragraph permitting any party to propound interrogatories to any other party to obtain information. It would be helpful in preparing for conducting the trial or disposing of the case. It is not within my province however to amend the rules and I therefore must construe them as I find them and grant the motion to strike the interrogatories.