**COOKE et al.**

v.

**KILGORE MFG. CO. et al.**

Civ. Nos. 28505–28514, 28541, 28892–28904, 28985–28988, 29051–29055, 29141–29171, 29174.

United States District Court
N. D. Ohio, E. D.
April 20, 1954.

Ray T. Miller, Cleveland, Ohio, for plaintiffs.

Edward D. Crocker, of Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for Kilgore.

Frank Cull and J. Hall Kellogg, of Hauxhurst, Inglis, Sharp & Cull, Cleveland, Ohio, for Hercules Powder Co.

McNAMEE, District Judge.

These sixty-five cases involve claims for damages to person or property or both, or for wrongful death, and arise out of an explosion of ten carloads of land mines manufactured by the Kilgore Manufacturing Company, and two carloads of dynamite manufactured by the defendant Hercules Powder Company. The explosion occurred at South Amboy, New Jersey on May 19, 1950. Plaintiffs have joined as defendants the above named parties and the respective railroad carriers, Baltimore & Ohio Railroad, Central Railroad of New Jersey, the Pennsylvania Railroad, and the National Carloading Company. The defendant Pennsylvania Railroad has impleaded the United States of America as a party defendant. The plaintiffs allege that the damages were caused by the joint and several negligence of the defendants. Defendants Hercules and Kilgore have filed separate answers denying the allegations of negligence in the complaints. Kilgore also has filed an answer to the cross-claim of the defendant Pennsylvania Railroad and has itself asserted a cross-claim against the Pennsylvania Railroad, the National Carloading Company, and the United States of America. There are no cross-claims between the defendants Hercules and Kilgore.

Hercules has submitted to Kilgore sixteen Interrogatories with subdivisions, consisting in all, of more than sixty specific inquiries and requests. Kilgore objects generally to answering these interrogatories on the ground that Hercules and Kilgore are not adverse parties as required by Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Concededly, both defendants are adverse to the plaintiffs, but it is Hercules' position that there is such a conflict of interest between these defendants as to warrant the determination that they are in fact as well as in law adverse to each other. Hercules contends that in the event it be found that these defendants were negligent, it will be important to determine whether Kilgore's mines exploded first and detonated Hercules' dynamite, or whether the explosions occurred in the reverse order.

It is apparent from the nature of the interrogatories propounded that Hercules will attempt to show that the land

mines of Kilgore exploded first, and, presumably, it will be one of the objectives of Kilgore to demonstrate that the explosion of the dynamite triggered the explosion of the land mines.

In view of this apparent conflict of interest between them, are these defendants properly to be considered as "adverse parties" within the meaning of the governing rule?

Rule 33 provides in part:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served * * *."

There are but two federal cases that are pertinent. In the case of In re City of Coral Gables, D.C., 1 F.R.D. 600, 601, the City being unable to meet the obligations of an outstanding bond issue, filed a petition in bankruptcy for a plan of composition. The American National Bank as an intervening creditor opposed the proposed composition and propounded 34 interrogatories to the creditors who were assenting to the plan. In holding that the assenting creditors were not required to answer the interrogatories the court said:

"Rule 33 deals with interrogatories propounded to adverse parties. On the record there is no adversity between the American National Bank as a dissenting creditor and the assenting creditors. Their attitude toward the plan of composition proposed by the petition is opposite, but the adversity contemplated by Rule 33 is between the dissenting creditor and the petitioner, the City of Coral Gables."

In Harlan Produce Co. v. Delaware, L. & W. R. Co., D.C., 8 F.R.D. 104, 105, a third-party defendant propounded interrogatories to the plaintiff, whose objections were sustained on the ground that—

"An inspection of the pleadings discloses no issue between the plaintiff and the two third party defendants. Plaintiff's complaint states a cause of action solely against the defendant railroad company. They are therefore not adverse parties. See In re City of Coral Gables, D.C., Fla., 1 F.R.D. 600."

Stivali v. Space, 1950, 9 N.J.Super 462, 75 A.2d 289, is a case which involves the precise point here at issue. In that case one of the two defendants in a tort action propounded interrogatories to the co-defendant under New Jersey Rule 3:33, which is patterned after and is identical with Federal Rule 33. In sustaining objections to the interrogatories the New Jersey court relied in part upon the federal cases cited above and upon the definition of the term "adverse parties" as construed in Pearlman v. Truppo, 159 A. 623, 624, 10 N.J.Misc. 477, wherein the court said:

"What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability *inter sese*. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other." (Citing numerous authorities.)

Kilgore also relies upon authorities dealing with the related question of the right of a party to cross-examine an ad-

verse party before trial. In Gudger **v.** Robinson Brothers Contractors, Inc., 219 N.C. 251, 13 S.E.2d 414, a defendant in a tort action was denied the right to cross-examine a co-defendant on the ground stated in the second headnote that—

> "In action against two defendants as joint tort-feasors for personal injuries allegedly resulting from their joint and concurrent negligence, defendants as between themselves were not 'adverse parties' within statutes relating to examination of parties before trial."

Similar rulings were made in Brown v. Bedell, 234 App.Div. 90, 254 N.Y.S. 215, and Parodis v. Hearn Department Stores, Inc., 178 Misc. 191, 33 N.Y.S.2d 553. In the last cited case the court said:

> "Where there are two or more defendants, the statutory provisions dealing with examination of a party by an adverse party is not applicable to examination of a codefendant by his codefendant, since codefendants are not 'adverse parties' within the meaning of statute unless there are some rights to be adjusted between them in the action. Civil Practice Act, § 288."

██ That the interpretation of the term "adverse parties" in the cases cited above is compatible with the sense and meaning of that term as used in Rule 33 is apparent from an examination of the several rules of civil procedure other than Rule 33 in which the term "adverse party" appears. The Federal Rules have the force and effect of statutes. It is appropriate, therefore, to resort to established rules of statutory construction to ascertain the meaning of the words "adverse party" as used in Rule 33. It is a familiar and settled rule of statutory construction that words used in different statutes on the same subject are interpreted as having the same meaning. 50 Am.Jur. 260, § 272. The term "adverse party" appears in Rule 12(b) in the following context:

> "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

There can be no doubt that as used in Rule 12(b) the term "adverse party" refers to a party opposing an issue framed by the pleadings.

Rule 15(a) deals with amendments to pleadings and among other things provides:

> " * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; * * * ".

The connotation of the term as used in this rule is the same as the sense in which the words are used in Rule 12(b).

This is likewise true of Rule 27, which authorizes the filing of a petition to perpetuate testimony " * * * in the district of the residence of any expected adverse party. * * * "

Reference is made to "adverse party" in Rule 56, governing summary judgment, in such manner as to make it clear that the term is descriptive of a party on the opposite side of an issue raised by the pleadings.

The same conclusion is warranted in respect of the signification of the words "adverse party" as they appear in Rule 43(b), 60(b) and 68.

██ The foregoing enumeration of rules in which the words "adverse party" appear is not intended to be exhaustive, but enough has been shown to illustrate the apparent uniformity of the sense in which these words are used in the Federal Rules of Civil Procedure. There is no modifying or countervailing language in Rule 33 that warrants a different interpretation. It is held, therefore, that "adverse party" as used in Rule 33 means a party to an action on the opposite side of an issue raised by the pleadings.

The range of permissible inquiry under Rule 33 is as broad as that author-

ized by Rules 26 and 31. But recourse to Rules 26 or 31, as well as to Rule 34, can be had only upon notice to all parties to the action. Rule 33 requires no such notice and is the only rule of discovery applicable to pending actions that is limited to adverse parties. Apparently the rule-makers intended to restrict the availability of the informal procedure of Rule 33 to parties between whom there were rights to be adjusted in the action.

The general objection to the interrogatories is sustained. In view of the ruling here made, it is unnecessary to pass upon the specific objections to interrogatories.