**A. L. SMITH IRON CO.**

v.

**NEW YORK, NEW HAVEN & HART-FORD RAILROAD CO., and The Auto-mobile Insurance Co. of Hartford.**

Civ. A. 54–590.

United States District Court
D. Massachusetts.

Jan. 24, 1956.

Henry N. Silk, Boston, Mass., for plaintiff.

John A. Briggs, Boston, Mass., for defendant, N.Y., N.H. & H. R.R.

William F. Callahan, Boston, Mass., for Auto Ins. Co. of Hartford.

ALDRICH, District Judge.

The plaintiff seeks to recover against two defendants because of damage to certain goods in transit, or otherwise. The defendant railroad it sues as a common carrier. The defendant insurance company it sues under an indemnity policy. The two claims, while contained in one complaint, are separately asserted as separate causes of action. The defendant insurance company has filed interrogatories addressed to the defendant railroad, which it contends are properly framed under Fed.Rules Civ.Proc. rule 33, 28 U.S.C.A. because, as between themselves, the two defendants are "adverse parties." It may well be that the interests of the two defendants are adverse, one to the other, since if the plaintiff recovers against both and the insurance company has to satisfy the execution, it may become subrogated to the plaintiff's rights, and may recover over against the railroad, while it would not be if the railroad is not found liable. I think it clear, however, that they are not adverse parties within the meaning of the Rule. I doubt whether two defendants sued for essentially the same cause of action, either as joint or several tort-feasors, or for damage alternatively caused by one or the other, are adverse parties under Rule 33, for reasons set forth in Cooke v. Kilgore Mfg. Co., D.C.N.D.Ohio, 15 F.R.D. 465. In the case at bar there are additional grounds for reaching this result. The insurance company's adverse interest as against the railroad is not a primary one, but only secondary, through the plaintiff, by virtue of possible future subrogation rights. At the argument I asked plaintiff if it were willing to have these interrogatories stand as its own, and it declined.

For the purpose of Rule 33 the adversity of the parties must be determined on the pleadings. It is significant in this regard that at the time it answered the complaint the insurance company declined to answer any of the paragraphs relating to the cause of action against

the railroad on the ground that it was not a party thereto. I do not believe it became a party for the purpose of interrogatories, either by the fortuitous circumstance that the two causes of action have been joined in a single complaint, or by the fact that it hopes the plaintiff recovers in this other action.

The railroad's motion to strike the interrogatories addressed to it by the other defendant is allowed.