## Ardisson v. Baer

*Scales & Shaw*, for plaintiffs.

*Mahady & Mahady, Kunkle, Walthour and Garland,* and *Smith, Best, Williams, Costello & Snyder,* for defendants.

KEIM, J., March 11, 1968.—This case comes before the court en banc on objections filed by the Baers to interrogatories filed by the Schwinn˙ Bicycle Company on John L. Baer, Jr., and Betty J. Baer, alias dictus Betty Jane Baer, his wife. Actions in assumpsit and trespass were filed by plaintiffs against defendants to recover for injuries sustained by the minor plaintiff at a time when he was riding a bicycle manufactured by the Schwinn Bicycle Company, which had been sold to plaintiffs.

The interrogatories which are the subject matter of the objections relate generally to whether or not the Schwinn Bicycle Company conducted operations in Pennsylvania in such a manner as to be considered as "doing business" in this State. In the objections filed by the Baers, the only basis set forth is that the interrogatories have not been propounded to an adverse party, as specified by Pennsylvania Rule of Civil Procedure 4005(a), but have been served upon codefendants.

In his brief, counsel for the Baers also argues against the relevancy of the interrogatories propounded by Schwinn. Even though this argument was not set forth in the original objections to interrogatories, and could, therefore, be dismissed under Pennsylvania Rule of Civil Procedure 4005(b), we will consider and dispose of this argument in order that all issues may be fully explored.

We agree with counsel for the Baers that Federal Rule 33 and Pennsylvania Rule of Civil Procedure 4005 use very similar language in expressing the rights of adverse parties, and should, therefore, be susceptible to similar interpretations. Our search in Pennsylvania law reveals no cases on this point. The Federal case of Cooke v. Kilgore Manufacturing Co., 15 F. R. D. 465 (N. D. Ohio, 1954), passed upon the exact point under consideration in the case at bar. In

that action, suit was brought against two defendants to recover for injuries sustained in an explosion of mines manufactured by one of the defendants and by dynamite manufactured by the other defendant. There were no cross claims, but one codefendant submitted interrogatories to the other defendant. After objections were filed, the court held that the parties were not adverse as required by rule 33 of the Federal rules. The court set forth as follows:

"Stivali v. Space, 1950, 9 N. J. Super 462, 75 A. 2d, 289, is a case which involves the precise point here at issue. In that case one of the two defendants in a tort action propounded interrogatories to the co-defendant under New Jersey Rule 3:33, which is patterned after and is identical with Federal Rule 33. In sustaining objections to the interrogatories the New Jersey Court relied in part upon the federal cases cited above and upon the definition of the term 'adverse parties' as construed in Pearlman v. Truppo, 159 A. 623, 624, 10 N. J. Misc. 477, wherein the court said: 'What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They may be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability inter sese. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to negligence of the other, as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other.' . . . [citations] . . ."

We feel that the above holding is applicable to the present case, and that Schwinn could not propound interrogatories to the Baers under Pa. R. C. P. 4005, since they are not parties within the frame work of that particular rule.

We do feel, however, that Schwinn had a right to propound the interrogatories to the Baers under Pa. R. C. P. 4007 (a), which sets forth as follows:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case".

It is to be noted that there is no mention of adversity in the rule, and that any person can be required to answer relevant interrogatories to aid in the preparation of pleadings or in the preparation for trial. There will undoubtedly be raised at trial the issue whether or not Schwinn is "doing business" in the Commonwealth of Pennsylvania. It would be of material aid to Schwinn in the determination of whether or not it was doing business in Pennsylvania to have the answers to the interrogatories which they have propounded to the Baers.

The matters inquired of are obviously relevant to a possible trial, and Baers must, therefore, be required to answer.

We, therefore, make the following order.

## ORDER

And now, March 11, 1968, after due and careful consideration, it is hereby ordered, adjudged and de-

creed that the objections to interrogatories be and the same are hereby dismissed, and the defendant Baers be required to file answers to the interrogatories within 20 days from the date of this order.