The defendant John E. Hayes is the owner of the Waterford Shopping Center, Waterford, Connecticut, and leases a portion of the premises to the defendant Genung's, Inc., which conducts a retail department store. On or about October 24, 1968, Keith Brayne, a minor, allegedly fell through a glass door forming the entryway to the portion of the premises occupied by the defendant Genung's, Inc., and was injured. Suit was commenced in this court on October 17, 1969, by Robert W. Brayne, as father and next friend of Keith Brayne, against the landlord, John E. Hayes, and the tenant, Genung's, Inc.
By a motion for disclosure and production, the defendant Hayes has moved the court for an order upon the defendant Genung's, Inc., to disclose certain facts and produce specified items which he claims are material to the cause of action. The defendant Genung's, Inc., has objected to a portion of the motion for disclosure and production, to wit, the production of statements of witnesses, photographs and investigative reports.
The question raised by this motion and the objection to it has not come to the court's attention before, nor has the court been able to discover any decisions which precisely involve the question. To the court's knowledge, such motions are made only by "adverse parties," that is, plaintiffs against defendants or defendants against plaintiffs, and not, as in this case, by a defendant against another defendant. Section 167 of the Practice Book, however, would appear to extend the concept. The section reads as follows: "In any civil action, the court, upon motionof any party, may order disclosure of facts or disclosure, production and inspection of papers, books or documents by any party thereto, material to the mover's cause of action or defense, and within the *Page 486 
knowledge, possession or power of the party to whom the motion is addressed." (Italics supplied.) But once an order has been entered and the party so ordered fails to comply with the order, § 283 of the Practice Book allows a motion by the adverse party for nonsuit or default. Under § 280 of the Practice Book, the court may then enter a nonsuit or default against the noncomplying party.
If § 283 was intended to limit disclosure procedures under § 167 to adverse parties, then these objections should be sustained because the court does not consider codefendants to be adverse parties. Codefendants are not truly adverse parties in a lawsuit. This term is commonly reserved for the plaintiff and the defendant. Codefendants may have conflicting interests, but their mutual aim, more often than not, is to succeed in defeating the plaintiff rather than each other. If, however, this limitation was not contemplated, or if it was that codefendants should be held to be adverse, then the remedy available to a codefendant for failure to comply with the court's order seems inappropriate and self-defeating.
Unlike Rule 37 of the Federal Rules of Civil Procedure, which recites many sanctions for failure to comply with the court's order concerning similar disclosure motions (contempt, arrest, etc.), the only sanction provided for in our rules is the aforesaid nonsuit or default. It does not seem proper that one defendant should be in a position to default a codefendant, and so preclude his pleading further, where the result would assist the plaintiff, who has not moved in this direction.
In summary, if a codefendant can move for disclosure against another codefendant, he still has no adequate remedy for failure to comply with the order for disclosure by the court. Absent a remedy (the *Page 487 
power to punish for contempt inherent in all courts is not intended under these rules), the court is urged to conclude that a codefendant cannot be made to respond to a motion for disclosure and production against another codefendant.
 The objections to the motion for disclosure and production of the defendant John E. Hayes are sustained.