## Vizza v. Harley-Davidson of Phila.

*Jack H. France,* for plaintiff.

*John C. Pettit,* for defendant.

*Samuel L. Rodgers* and *Herbert Grigsby,* for additional defendants.

GLADDEN, J., March 16, 1971.—This matter was heard before the court en banc on objection to interrogatories. Here, we are confronted with the following situation: Plaintiff sued as original defendants Harley-Davidson of Philadelphia, Inc. and Allegheny County Distributors, Inc. No service was had on Harley-Davidson of Philadelphia, Inc. The other original defendant joined as additional defendants Monongahela Valley Country Club and Harley-Davidson Motor Company, Inc.

On December 17, 1970, the additional defendant, Harley-Davidson Motor Company, served written interrogatories under Pennsylvania Rules of Civil Procedure 4005 and 4006 upon the other additional defendant, Monongahela Valley Country Club, Inc. On December 22, 1970, the Country Club filed objections to the interrogatories on the ground that, since both parties are joined in the suit as additional defendants, they are not adverse to one another. The Country Club cites rule 4005 as requiring that the parties between whom interrogatories are served must be "adverse." Rule 4005, in relevant part, reads as follows:

"(a) Subject to the limitations provided by Rule 4011, any party may file and serve upon any adverse party written interrogatories to be answered by the party served . . ."

In its brief and at the oral argument, the Country Club cites as its authority for raising its objection the language of Pa. R.C.P. 4005; the case of Cooke v. Kilgore Manufacturing Company, 15 F.R.D. 465 (1954), and the recent decision of Ardisson v. Baer, reported at 44 D. & C. 2d 217 (1968). This additional defendant claims that, because the two additional defendants are not adverse, the interrogatories do not require answer.

We must determine if the parties are "adverse"; this determination presents a fine distinction. In all practicality, the additional defendants represent interests that are adverse to one another. We can easily foresee that at the trial of this case each will use whatever skill and tactical advantage it has to point the accusing finger at the other.

Goodrich-Amram's comment at 4005(a)10, attempts to answer the question, "Who is an 'adverse party'?" This comment contends that it makes no difference how the parties may be aligned in the caption of the case; it is the reality of the relationship which governs. From the comment and from the illustrations it contains, we could quickly dispose of this matter by dismissing the objections and directing Monogahela Valley Country Club to answer the interrogatories.

It appears, however, that case law on this subject does not bear out the comment referred to hereinabove. The case of Cooke v. Kilgore, supra, interprets the meaning of adverse in our context. There, the court, dealing with Federal R.C.P. 33, in its decision held that additional defendants were not parties adverse to each other within the meaning of rule 33. Since there is a striking similarity between Federal rule 33 as it was worded at the time of the decision in

Cooke and before it was amended[1] and Pa. R.C.P. 4005, we are receptive to that court's interpretation although not bound by it.

Recently, however, the Court of Common Pleas of Westmoreland County passed on this exact situation in Ardisson, supra. In that opinion, Keim, J. ruled that a manufacturer and a seller brought on the record as additional defendants were not adverse parties so that objections filed to interrogatories served by the manufacturer on the seller under Pa. R.C.P. 4005 would be sustained. That case is so similar to the situation before us that we cannot ignore it.

Although our practical sense tells us that the additional defendants in this case may be adverse in the long run, prior decision is to the contrary. In any event, Harley-Davidson Motor Company has other means under the Pennsylvania Rules of Civil Procedure to obtain the desired information.

If Harley-Davidson Motor Company desires to proceed further, we will allow it 60 days additional to do so.

And now this:

## ORDER

The objections to the interrogatories filed by the Monongahela Valley Country Club pursuant to Pa. R.C.P. 4005 and 4006 be and are hereby sustained as between the additional defendants. Harley-Davidson Motor Company is given 60 days from the date hereof to complete what further discovery procedure it requires.

---

[1] The Federal rule was revised in 1970 to delete from rule 33 the "adverse" requirement. See Moore's Federal Practice Vol. 4a (1971 ed.). The additional defendant, Harley-Davidson Motor Co., Inc., argues that this has effectively overruled the decision in Cooke v. Kilgore. While the Federal rule may have clarified this problem, we are still faced with the Pennsylvania rule which requires that the parties be adverse.