Doris M. Gidius *v.* Robert K. Links et al.

Superior Court　　　Tolland County　　　File No. 14568

Memorandum filed May 3, 1973

*Charles N. Crockett,* of Manchester, and *Howard, Kohn, Sprague & FitzGerald,* of Hartford, for the plaintiff.

*Kucharski & Tarpinian,* of Willimantic, and *Schatz, Weinstein & Seltzer,* of Hartford, for the named defendant.

*Adinolfi, O'Brien & Hayes,* of Hartford, for the defendant Paul K. Gidius, Sr.

Driscoll, J. The issue essentially is whether at this stage of the proceedings the codefendants are adverse parties within the provisions of § 185 of the Practice Book. Counsel have not furnished the court with memoranda of law.

It is noted that the case has not gone to trial and judgment has not yet been entered. A comparable situation has been considered in *Brayne* v. *Hayes,* 28 Conn. Sup. 484.

*Stivali* v. *Space*, 9 N.J. Super. 462, 467, states: " 'What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability *inter sese.* It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other.' " Also see *Gudger* v. *Robinson Bros. Contractors, Inc.,* 219 N.C. 251.

Accordingly, the motion is denied.