[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This incident involves a claim brought by the plaintiff Joanne Kauffman, a passenger in a motor vehicle who allegedly sustained injuries in an automobile collision. Ms. Kauffman filed suit against both the driver of the vehicle in which she was a passenger, Michelle Ward, as well as against the operator of the other vehicle, Douglas Davidson. Ms. Kauffman's allegations of negligence against these defendants are in the alternative and contained in separate counts. On May 30, 1991 the defendant, Michelle Ward, noticed and took the deposition of the plaintiff Jeanne Kauffman. The defendant, Douglas Davidson, was not provided a copy of the deposition transcript.
The defendant, unilaterally ordered a copy of this deposition and now claims that he should be reimbursed for his expenses because he is "an adverse party" as defined in Section 247(f) of the Connecticut Practice Book.
The parties that the defendant claims are adverse are merely co-defendants. Gidius v. Links, 30 Conn. Sup. 202 (1973) is directly on point. Despite the claims of counsel at oral argument no cross claim has been filed.
Additionally, the procedure employed by the defendant in simply ordering the transcript and then requesting the court to order the co-defendant to pay costs is not the favored procedure.
It would appear that a "Motion" in accordance with Section 197 of the Conn. Practice Book requesting an order that the transcript be furnished would have created less controversy. The CT Page 2569 court, therefor, does not wish to adopt the unilateral actions of the defendant in this matter.
The Motion for Costs is denied.
THOMAS V. O'KEEFE, JR. JUDGE