[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS
FACTS
CT Page 4051
In this appeal, the plaintiff alleges that he requested a Wetlands permit extension from the Commission on June 30, 1995 and such an extension to January 4, 1996 was granted by the Commission. Thereafter, on or about December 1, 1995 the plaintiff requested another extension of the permit due to expire on January 4, 1996. This extension was denied by the Commission. The Commission's denial is the subject of this appeal.
The Commission has moved to dismiss the appeal for lack of jurisdiction claiming that the appeal is moot.
In accordance with the statute, the plaintiff served a copy of the appeal upon the Commissioner of Environmental Protection who became a party defendant to this action. Both the plaintiff George Scarvales and the defendant Commissioner of Environmental Protection have objected to the Motion to Dismiss.
DISCUSSION
The Commission claims that the Commissioner of Environmental Protection has no standing to move to dismiss citing § 143 of the Practice Book. Bethany further claimed that the plaintiff has waived his right to object to the motion to dismiss citing the same section.
Section 143 of the Practice Book requires an "adverse party" who objects to a motion to dismiss to file a memorandum of law in objection within 5 days prior to the argument on the motion to dismiss. The town's argument is that the Commissioner of Environmental Protection is not an "adverse party" since both he and the town are defendants. The town further argues that the plaintiff has not timely filed its memorandum. The fact that the plaintiff's memorandum was not timely filed appears to be uncontested.
This court holds that it is discretionary with the court whether or not the court will allow a late filing of the memorandum by the plaintiff. The court is prepared under these circumstances to allow the late filing.
The town supports its "adverse party" position with reference to the following cases: Lawrence v. Crawford, CV 92 0511514S, Superior Court, April 24, 1995, 1995 WL 263873 [summary judgment]; McGoldrick v. Aparisi, 2 Conn. Law Trib. 51, p 4 September 19, 1976 [summary judgment]; Gidius v. Links,
CT Page 405230 Conn. Sup. 202 (1973) [discovery and deposition]; Brayne v. Hohyes,28 Conn. Sup. 484 (1970) [discovery and deposition].
Whatever rule may be applied to "adverse parties" in either discovery proceedings or summary judgment motions, the court is not convinced that similar rules should be applied to limit the right of a co-defendant to be heard on a motion to dismiss. Further the court is not convinced that § 143 of the Practice Book is a substantive rule pertaining to a parties standing to be object rather than a rule of procedure pertaining to the timing of the filing of memoranda. Finally, whatever rule may be applied to adverse parties generally, the court observes the unique position of the Commissioner of Environmental Protection in dealing with Wetlands. Although the Commissioner may have had the option of appearing either as a defendant or plaintiff, the Commissioner is a party to the proceeding in his regulatory capacity. As such, he undoubtedly has a material interest in the question of whether or not a wetlands permit should be renewed. In view of the Commissioner's unique position, the court is unwilling to find that he lacks standing to question the town's motion to dismiss.
The town's motion to dismiss is grounded entirely onBakerville Lumber Construction Company v. Planning and ZoningCommission, 38 Conn. App. 212 (1995). Bakerville concerned the plaintiff's application for the renewal of a permit for earth excavation. In that case, the plaintiff appealed the decision of the trial court affirming the Commission's denial of the plaintiff's application to the Appellate Court. At the time of oral argument in the Appellate Court, the defendant claimed that the plaintiff's appeal was moot because all of the special permits issued by the defendant to plaintiff had expired.
The Appellate Court held:
 Here, because all of the special permits at issue expired during the pendency of the appeal, the plaintiff must apply for the renewal of all the permits. This court is without power to afford the plaintiff practical relief. Thus the matter has been rendered moot. [citations omitted] at 213, 214.
The court observes that Bakerville Lumber concerned a zoning CT Page 4053 permit so that that appeal was undoubtedly taken pursuant to the provisions of § 8-8 of the General Statutes. Moreover, the mootness in Bakerville Lumber appears to have concerned the expiration of the permits between the time the matter was heard in the trial court and the time of oral argument in the Appellate Court. These two facts to some extent distinguish BakervilleLumber from the instant case.
This court finds that the essential question before it is whether it could render any meaningful relief to the appellant if it heard the case and agreed with the appellant's factual and legal position.
In Bakerville Lumber the trial court, if it agreed with the appellant would have ruled under § 8-8 (1) exercising the following jurisdiction:
 . . . may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. If a particular board action is required by law, the court, on sustaining the appeal may render a judgment that modifies the board decision or orders the particular board action. . . .
In the case before this court the relief granted is found in § 22a-43a in the following language:
 . . . If the court finds the action appealed from constitutes the equivalent of taking without compensation, it shall set aside the action or may modify the action so that it does not constitute a taking.
The precise language of § 22a-43a mandates this court, if it finds the action appealed from to be a taking, to set that action aside or modify it in such a way that it is not a taking. The court, of course, expresses no opinion at this time on whether the action appealed from is a taking. However, it does appear that if the plaintiff can succeed in convincing the court that the refusal to extend the permit amounted to a taking this court could grant relief to the plaintiff.
For the above stated reasons, it is the opinion of the court that the matter is not moot and the motion to dismiss is denied. CT Page 4054