**HARLAN PRODUCE CO. v. DELAWARE, L. & W. R. CO. (CENTURY INDEMNITY CO. et al., Third-Party Defendants).**

Civil Action No. 3429.

District Court, W. D. New York.

Feb. 24, 1948.

Morey, Schlenker & Murrary, of Buffalo, N. Y. (E. C. Schlenker, of Buffalo, N. Y., of counsel), for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear, of Buffalo, N. Y., for defendant and third-party plaintiff Delaware, L. & W. R. Co.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for third-party defendant and third-party plaintiff, Century Indemnity Co.

Samuel Shapiro, of New York City, for third-party defendants Nathan Erlich, Inc., and Nathan Erlich.

KNIGHT, District Judge.

Plaintiff sued the defendant railroad company for damages resulting from the alleged diversion of a car load of poultry and failure to notify plaintiff of its non-acceptance by Nathan Ehrlick (sic), to whom the bill of lading required notice of arrival to be given.

Defendant railroad company was permitted to make The Century Indemnity Company a party to the action. In its amended answer it alleged that Nathan Erlich, Inc., had delivered to it a blanket bond of the indemnity company indemnifying it up to $8,000 against any claims by Nathan Erlich, Inc., for diverting any shipment; that Nathan Erlich, Inc., directed defendant's freight agent to divert the car load from New York to Brooklyn; that if there was any unlawful diversion, as alleged by plaintiff, the indemnity company is liable on its bond.

The indemnity company was permitted to make Nathan Erlich, Inc., and Nathan Erlich parties to the action. In its amended answer it alleged that these parties in their application for the bond jointly and

severally agreed to indemnify it against all loss it might sustain by reason of said bond in prosecuting or defending any action in connection therewith.

Nathan Erlich, Inc., and Nathan Erlich in their joint answer set up several defenses some of which purport to be answers to allegations in plaintiff's complaint. The complaint, however, does not contain such allegations and is not directed against these two third party defendants. There is no issue between them or either of them and the plaintiff.

The attorney for Nathan Erlich, Inc., and Nathan Erlich propounded to plaintiff nine interrogatories to the allowance of which plaintiff duly objected.

Interrogatories numbered 1 to 4, inclusive, have been withdrawn.

Federal Rules of Civil Procedure, Rule 33, 28 U.S.C.A. following section 723c, provides: "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf."

An inspection of the pleadings discloses no issue between the plaintiff and the two third party defendants. Plaintiff's complaint states a cause of action solely against the defendant railroad company. They are therefore not adverse parties. See In re City of Coral Gables, Fla., D.C., 1 F.R.D. 600. The third party action is merely "ancillary" to the original claim. Clark on Code Pleading, 2d Ed., 418, and numerous cases there cited. A party, Judge Clark said, "may not be forced to litigate with a party not of his own choosing." (417)

The plaintiff further objects to the allowance of the remaining interrogatories numbered 5 to 9, inclusive, on several grounds. In view of this holding that the defendants Nathan Erlich, Inc., and Nathan Erlich are not "adverse parties," it is not necessary to pass on the relevancy of these interrogatories.

Plaintiff's objections are sustained.