**WOLF v. DICKINSON.**
No. 14135.

United States District Court,
E. D. Pennsylvania.
April 20, 1953.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Robert F. Maxwell, Philadelphia, Pa., for defendant.

WELSH, District Judge.

Defendant has moved to strike the answers to defendant's interrogatories for the reason that they fail to conform with Rule 33, 28 U.S.C., in that they are not sworn to by plaintiff as required by that Rule.

In his brief plaintiff argues his answers to defendant's interrogatories which are sworn to by his counsel constitute sufficient compliance with the Rule. However, he states he is willing to obtain an affidavit to the answers executed by plaintiff himself and to attach said affidavit to the answers. Under the circumstances it is unnecessary for the Court to rule on this phase of the matter.

Additionally, defendant has moved that the plaintiff be ordered to answer the following interrogatories more completely and specifically:

■ Interrogatory 20 on the ground that plaintiff failed to object within the time specified by the Rules. With respect to this interrogatory the requested order will be denied. We think the Rules are sufficiently liberal to justify the rejection of such a technical argument, especially where there is merit on the other side. There is merit to plaintiff's objection since acceptance of defendant's argument would in effect require plaintiff to produce the medical reports which can only be obtained under Rule 34 upon a showing of good cause.

■ Interrogatory 26 on the ground that it fails to state the exact nature of the 20% disability claimed as to the arm and fails to specify the meaning of certain permanent residual effects in connection with the leg injury. With respect to this interrogatory the requested order will be denied. The basis of our denial is that the furnishing of the information sought would in effect constitute the furnishing of plaintiff's medical reports to the defendant. This as has been shown supra the plaintiff is obliged to do only under Rule 34 upon a showing of good cause.

■ Interrogatory 29 on the ground that it fails to state whether or not plaintiff has agreed to accept payments other than Workmen's Compensation. With respect to this interrogatory the requested order will be granted since plaintiff's answer is not responsive. Plaintiff's answer merely states: "Plaintiff has received Workmen's Compensation."

■ Interrogatories 30, 32, and 35 on the ground that the information is completely within the knowledge of the plaintiff. With respect to these interrogatories the requested order will be granted. Plaintiff has had ample time to answer these interrogatories and accordingly the plaintiff will be required to answer them within ten (10) days of the filing hereof. Further, if plaintiff fails to comply a dismissal of his action will be entered.

■ Interrogatory 42 on the ground that plaintiff failed to state unequivocally what he knows, if anything, about the alleged defect. With respect to this interrogatory the requested order will be denied. We find plaintiff's answer responsive and it contains all the information known to him or his counsel. If defendant wishes to know plaintiff's general information concerning the alleged defect as contradistinguished plaintiff's precise and detailed information concerning same he may frame an interrogatory calculated to elicit such information.

Interrogatory 43 on the ground that plaintiff failed to state unequivocally whatever knowledge he has of the alleged failure to inspect. With respect to this interrogatory the requested order will be denied. We find plaintiff's answer responsive. The interrogatory sought precise and detailed information and plaintiff in his answer stated that

he had no precise or detailed information. If the defendant wants the general information in the plaintiff's possession with regard to the alleged failure to inspect he may frame an interrogatory calculated to elicit that information.

■ Interrogatory 44 on the ground that plaintiff failed to answer the questions as propounded. With respect to this interrogatory the requested order will be denied. This interrogatory in effect asks for the names and addresses of witnesses having information on four different issues. In his answer plaintiff listed the name and address of each and every witness presently known to him having any knowledge whatsoever of the accident. We think the answer constitutes sufficient compliance with the Rules. Further compliance would in effect constitute the furnishing of statements of witnesses, and a party is required to furnish such statements only if his adversary proceeds under Rule 34 and shows good cause for the production of same.