## INTERBOROUGH NEWS CO. v. CURTIS PUB. CO. et al.

United States District Court
S. D. New York.

May 12, 1953.

———◆———

Webster, Sheffield & Chrystie, New York City (Bethuel M. Webster and John V. Lindsay, New York City, of counsel), for plaintiff Interborough News Co.

Cravath, Swaine & Moore, New York City (Albert R. Connelly and Edward C. Perkins, New York City, of counsel), for defendants Curtis Pub. Co., Curtis Circulation Co., Walter D. Fuller, Benjamin Allan and Victor E. Lance.

Whitman, Ransom & Coulson, New York City, (Forbes D. Shaw and E. Kendall Gillett, Jr., New York City, of counsel), for defendants S–M News Co., Inc., et al.

CONGER, District Judge.

In the course of the pre-trial proceedings, plaintiff raised objections to certain inter-

rogatories propounded by the Curtis defendants.

The amended complaint contains two claims for treble damages for violation of the Sherman Act, 15 U.S.C.A. § 1. It also seeks injunctive relief in accordance with section 5 of the Clayton Act, 15 U.S.C.A. § 16. A third claim was dismissed with prejudice at the pretrial hearing.

The interrogatories [1–13] seek the dates it is "claimed" that each defendant entered into the two conspiracies alleged; the persons through whom it is "claimed" that each defendant entered into the conspiracies; the means it is "claimed" were used to effectuate the conspiracies; that acts of defendants which are "claimed" to have constituted restraints of trade, unfair competition, boycotts, coercion and the dates on which such acts were done and the defendants by whom done; the parties to the agreements, if any, to withdraw business from plaintiff or to refrain from dealing with plaintiff after having withdrawn business from plaintiff; the dates of such agreements, whether or not in writing, the persons participating in the defendants' behalf. Interrogatories 14 and 15 seek the salaries, wages or other compensation and dividends paid by the plaintiff to certain of its officials in the years 1947–1949.

The plaintiff declines to answer interrogatories 1–13 on the grounds that the interrogatories call for a restatement of plaintiff's claims, its total evidence, and for both factual and legal conclusions, and interrogatories 14–15 on the grounds that the information sought is irrelevant.

The amended complaint certainly follows Rule 8(a) of the F.R.C.P., 28 U.S.C.A. It contains little more than a short and plain statement of the claim showing that the pleader is entitled to relief. It consists of 37 paragraphs and the prayer for relief. The first 21 paragraphs identify the parties.

■ ▪ The Federal Rules provide for such a pleading and its use should be viewed with favor by the Courts. Certainly it has great merit over the long, involved and verbose type of pleading formerly indulged in. Still

the rules do contemplate that such a pleading, which is little more than a notice of claim, should be supplemented by some procedure designed to give an opponent additional information necessary to prepare for trial.

■ The use of discovery proceedings is one method to obtain this information. The use of interrogatories is one form of discovery provided by the Rules. Consonant with the spirit of the Rules the Courts have been most liberal in construing requests for information asked for in interrogatories. Liberality rather than restriction seems to be the guiding principle. A reading of the amended complaint in this case convinces me that it is necessary for the defendants to know the facts on which plaintiff bases its claim. The plaintiff suggests that the defendants have acquired this knowledge through prolonged depositions. If the responses of counsel contained in the excerpts annexed to the memoranda are fair examples of what defendants have learned they know little more than they did after reading the amended complaint.

I agree with plaintiff that a charge of conspiracy is most difficult to prove since the alleged unlawful acts of defendants by their very nature have been secretive. Frequently a conspiracy may not be susceptible by proof of an express agreement, but must be proven by facts and circumstances which added up may be sufficient proof of a conspiracy. I have no desire, nor do I intend to "bind in advance plaintiff's freedom of movement."

I certainly do not want to prejudice plaintiff in any way, nor put it in an unfavorable tactical position. I certainly do not intend by my ruling to compel plaintiff to disclose its total evidence.

■ These interrogatories come within the purpose of the discovery rules which are "to narrow and clarify the basic issues between the parties, and * * * for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 388, 91 L.Ed. 451. They do not call for plaintiff's evidence. They call for that which the plaintiff's evidence purports to prove.

Although many of the interrogatories seek what plaintiff "claims", the expression is innocuous. Defendants are within their privilege in "exacting admissions or obtaining commitments as to the position that an adverse party takes as to issues of fact". Aktiebolaget Vargos v. Clark, D.C., 8 F.R. D. 635, 636. See also Moore's Federal Practice, Vol. 4, 2d Ed., Par. 33.17. These interrogatories concern issues of fact.

Plaintiff should answer interrogatories 1 and 4, except that each inquiry should be as to "on or about what date or dates."

Plaintiff should answer interrogatories 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13, except that it may be noted that interrogatories 11(b) and 13(b) call for copies of documents if any. It has been my practice to sustain objections to this request in interrogatories. There is a divergence of opinion on the propriety of the procedure but "Most of the cases have held that interrogatories requesting copies of documents are not proper in any situation." Moore's Federal Practice, 2d Ed., Par. 33.22, p. 2322. The Supreme Court in Hickman v. Taylor, supra, has pointed out the technical impropriety of the procedure and I, therefore, follow its rule.

Interrogatories 14–15 should be answered. They may be relevant in connection with the true financial position of the plaintiff. Defendants assert that the plaintiff's books do not show these facts.

In view of the yardstick of construction which I have outlined above and considering the nature of the charge, the difficulty of proving it and the source from which plaintiff must necessarily obtain the information asked for, I feel that plaintiff's answers to the interrogatories must be viewed with some liberality. It should give what information it now has. Certainly plaintiff, if it expects to present to the

Court sufficient facts to make out a case, must have such facts now in its possession.

As I view it the information sought is that which plaintiff will have to present to the Court to make out a case.

Plaintiff's motion is denied except as above indicated.

Submit order on notice.