Elizabeth **KLUCHENAC**, a minor by Frank Kluchenac and Josephine Kluchenac, her parents and natural guardians, and Frank Kluchenac and Josephine Kluchenac, his wife, in their own right, Plaintiffs,

v.

**OSWALD & HESS COMPANY**, a corporation, and B. Wikes, Max Wikes, Joseph Wikes and Manuel Wikes, individually and trading and doing business as B. Wikes & Sons, Defendants.

Civ. A. No. 12731.

United States District Court
W. D. Pennsylvania.

Jan. 21, 1957.

Edward O. Spotts, Theodore M. Tracy, Pittsburgh, Pa., for plaintiffs.

Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendants.

McILVAINE, District Judge.

The plaintiffs in this case have filed through their attorneys the following interrogatories to which the defendant, Oswald & Hess Co., has filed objections. Interrogatory No. 10 is as follows:

State the name and official citation of all United States and/or Pennsylvania laws, rules and regulations pertaining directly or indirectly to treatment of meats and similar products by packing companies for the destruction and/or prevention of

staphylococcu aureau organisms in such food products.

The defendant's objection is that this interrogatory seeks to have the defendant prepare the plaintiffs' case for them, and defendant urges that plaintiffs' counsel is seeking to have defense counsel prepare the legal references for him. Defendant urges that this is not within the intent of Fed.Rules Civ.Proc. rule 33, 28 U.S.C.A.

Plaintiffs rely on the case of Canuso v. City of Niagara Falls, D.C.N.Y.1945, 4 F.R.D. 362. In that case certain regulations were relied upon by the defendant as a defense to the claim of the plaintiff. The Court there held that since the regulations were pleaded in the Answer the defendant had to name the source of its authority. However, the defense counsel in the case now before the Court stated at the time of the argument that they would not submit as a defense that they had complied with all the rules and regulations promulgated by the State and Federal authorities for the prevention of staphylococcu aureau organisms in the packaging, storage, and sale of their food products.

■■ While this Court believes that there should be a liberal construction of Rule 33, and a liberal interpretation in order that all relevant and possibly relevant facts should be revealed, we do not feel that Rule 33 can be construed as to require counsel for the defendant to do the legal research for plaintiffs' counsel. Accordingly, the objection filed by defendant to Interrogatory No. 10 is sustained.

Defendant also has objected to Interrogatory No. 11. However, at the argument, counsel for the defendant indicated that they would answer that question to the best of their ability. Accordingly, their objection to Interrogatory No. 11 is overruled.

Defendant also filed objections to part (b) of Interrogatory No. 13, which interrogatory reads as follows:

13. Were all or any portion of all or any of said hams delivered to B. Wilkes and Sons in 1952, ever returned to defendant, Oswald & Hess Company, for examination and/or analysis.

(a) If so, state when and by whom the hams or portions thereof were so returned to defendant, Oswald & Hess Company.

(b) If so, what were the results and the findings of all such tests and examinations?

Plaintiff by this interrogatory seeks in effect to obtain what if anything is contained in a written report prepared by experts. If the plaintiffs proceeded under Rule 34 to obtain copies of the document, they would have to show good cause. We do not believe that a defendant can circumvent the requirements of Rule 34 merely by asking a question such as he has asked here under Rule 33. The plaintiffs are entitled to learn the facts. They are entitled to an Answer to Question No. 13 as to whether any of the hams were returned to defendant for examination or analysis, and to 13(a) as to when and by whom the hams were returned. They would also be entitled to know by whom and when the hams were examined or tested if such question were asked. The difficulty arises when the plaintiffs seek to obtain the results of the examinations.

"Reports prepared by experts, technical and scientific reports, or the like, in some cases have not been compelled to be produced. Their discovery and production have not been required where they were prepared at request of counsel, or at the request of a claims agent. Nor have their discovery and production been enforced where they were prepared after litigation was threatened, after suit was instituted, or in preparation for trial. In the absence of a specific showing that a document is not the report of an expert, it has been held, a motion for its produc-

tion will be denied as not showing good cause." Vol. 7, Cyclopedia of Federal Procedure § 25.559.

The United States Court of Appeals for the Third Circuit in the case of Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971, held that the rules do not give a party an absolute right to obtain either a text or a statement which the adverse party has obtained. Plaintiff would be entitled to have a full disclosure made of the facts obtained from a witness, but what they are actually seeking here appears to this Court to be a resume of a written report. In order to do this the plaintiffs must proceed under Rule 34 which necessitates that they first show good cause. Plaintiffs would as the Alltmont decision points out be entitled to learn the information as to the existence, nature, and location of any report or analysis made. Having learned this, they might be in a position to move for the production of these reports under Rule 34. At the present time, however, the objection of defendant to Interrogatory 13(b) must be sustained.