**M.V.M., Inc., Plaintiff,**

v.

**ST. PAUL FIRE and MARINE INSURANCE COMPANY, Defendant and Third Party Plaintiff (UNITED STATES LINES COMPANY, Third Party Defendant).**

United States District Court
S. D. New York.
April 15, 1957.

Rudolf M. Littauer, New York City, Raphael F. Carlin, New York City, of counsel, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant.

Kirlin, Campbell & Keating, New York City, Michael F. Whalen, James McGarry, New York City, of counsel, for third party defendant.

DIMOCK, District Judge.

Third party defendant, United States Lines Company objects to all interrogatories directed to it by plaintiff, M.V.M., Inc., as not directed to an "adverse party" within the meaning of Rule 33, F.R. Civ.P. 28 U.S.C.

Plaintiff brings this action against defendant St. Paul Fire and Marine Insurance Company, to recover losses in the amount of $173,639.87 alleged to have resulted from externally caused damage to five shipments of radio-phonographs covered by a policy issued by defendant insuring against loss or damage from any external cause. Defendant answered denying the material allegations of the complaint including the allegation that the cause was external. Defendant impleaded United States

Lines Company as third party defendant. Third party defendant answered denying the material allegations of the third party complaint and affirmatively pleading, in part, "Any loss or damage to the goods * * * was due to inherent defect, quality or vice of goods * * *."

■ The Federal Rules of Civil Procedure permit a third party defendant to assert any defense which the third party plaintiff has to the plaintiff's claim. Rule 14(a), F.R.C.P. Thus the third party defendant may assert a defense which may bar the plaintiff's recovery from the defendant. To "assert" it, however, the third party defendant must answer the plaintiff's complaint. See Official Form 22, Exhibit A.

■ In this case third party defendant has not served an answer to plaintiff's complaint. Can plaintiff nevertheless treat third party defendant as an adverse party for the purpose of interrogatories under Rule 14(a)? The answer is no.

Third party defendant, by refraining from serving an answer on plaintiff, has remained aloof from the controversy between plaintiff and defendant. Third party defendant has no right to be heard on the merits thereof; it takes its chances as to the outcome of that controversy and stakes its all on its ability to escape liability for the damage to the goods if and when defendant insurance company is held to have covered the loss. There is thus no issue between plaintiff and third party defendant. Unless and until third party defendant serves an answer on plaintiff, it is not a party adverse to plaintiff.

It is urged that, since the issue between plaintiff and defendant of whether the damage was externally caused is very similar to the issue between defendant and third party defendant of whether the goods were damaged as a result of inherent vice, third party defendant should be regarded as a party adverse to plaintiff. I cannot accept any such nebulous

test. In litigation, an adverse party is one who has locked horns with another party and not merely one whose interest is adverse. It would be impracticable to pass upon the propriety of interrogatories if the criterion were adverse interest rather than a defined issue.

■ It may be argued that defendant's answer defines an issue between plaintiff and third party defendant. A third party defendant, however, cannot be forced into taking part in the controversy between plaintiff and defendant. He is brought in willy-nilly without even an opportunity to be heard. Rule 14(a), F.R.C.P. Hence it cannot be said that he will be deemed to have adopted defendant's answer if he does not serve one of his own on the plaintiff.

Harlan Produce Co. v. Delaware, L. & W. R. Co., D.C.W.D.N.Y., 8 F.R.D. 104, seems rather closely in point. There the court denied to a third party defendant the right to interrogate as an adverse party a plaintiff on whom the third party defendant had served no answer.

Professor Moore, in 4 Moore's Federal Practice, Par. 3306, Note 4, criticising the Harlan case, says:

"This decision probably does not adequately take into account that even without an assertion of adverse claims, Rule 14 provides that 'The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim' ".

This seems to me to overlook the terms of the Official Form of the summons in third party practice, Form 22, Exhibit A, which demonstrate that the third party defendant cannot assert such defenses without serving an answer on the plaintiff.

In Cooke v. Kilgore Mfg. Co., D.C.N.D. Ohio, E.D., 15 F.R.D. 465, the court refused, in spite of an obvious conflict of interest between co-defendants, to allow interrogatories between them when they had filed no cross claims.

McAllister Lighterage Line, Inc., v. Oil Barge Vejoil, D.C.S.D.N.Y., 13 F.R. Serv. 33.21, Case 1, looks the other way. There, Ryan Stevedoring Corp., an impleaded respondent in an admiralty suit, propounded interrogatories to the United States, an original respondent other than the one which impleaded Ryan. The court held that the original respondent, United States, was a party adverse to the impleaded respondent, Ryan, within the meaning of that word in Admiralty Rule 31, 28 U.S.C. despite the fact that there were no cross pleadings between them. The court indicated that adverse interests were enough but added "A consideration of all of the pleadings in this action shows that there will be issues between the United States and Ryan Stevedoring Corp."

The Harlan case seems more closely in point and the reasoning in the Harlan and Cooke opinions is persuasive.

The general objection to the interrogatories on the ground that third party defendant United States Lines Company is not a party adverse to plaintiff M.V.M., Inc., is sustained.