**Frank PIRO, Plaintiff,**

v.

**PORT LINES, Ltd., Defendant and Third Party Plaintiff,**

**The Associated Operating Company, Third Party Defendant.**

**Civ. A. No. 17535.**

United States District Court
E. D. New York.

July 3, 1958.

**232**

Lindenbaum & Young, Brooklyn, N. Y., Standard, Weisberg, Harolds & Malament, New York City (Alan H. Buchsbaum, Cliffside Park, N. Y., of counsel), for plaintiff.

Thomas F. Keane, Brooklyn, N. Y. (Francis P. Cunnion, Brooklyn, N. Y., of counsel), for third party defendant.

BYERS, Chief Judge.

The third party defendant above named, by this motion, seeks to vacate interrogatories heretofore served upon it by the plaintiff.

The action is to recover damages for personal injuries said to have been suffered by plaintiff on January 9, 1956 while he was working on the S. S. Port of Quebec, owned, operated and controlled (it is assumed) by the defendant.

The plaintiff was an employee of the third party defendant, a stevedoring company, against whom defendant asserts the usual indemnity responsibility contingent upon plaintiff's recovery against it.

In this state of affairs, it is difficult to understand why the plaintiff is entitled to propound the interrogatories, since he has no cause of action, or claim for relief, against his employer, in view of the Longshoremen's etc. Act, nor has he any claim for indemnity, such as the defendant is presumed to assert.

In other words, while the third party defendant has become a party to the cause, it is not an "adverse party" to the plaintiff, within Fed.Rules Civ.Proc. Rule 33, 28 U.S.C.A.

So much appears from the moving affidavit, and no answering affidavit has been filed reciting issues raised as against the *plaintiff*, in the answer of the third party defendant. Nor do such issues suggest themselves. The contest between the third parties involves two questions: (A) Was there an indemnity agreement, express or implied? (B) If so, can the third party plaintiff successfully assert a claim for relief by virtue thereof, against the third party defendant?

It is not apparent how the plaintiff's asserted cause against the defendant can entitle him to interrogate the third party defendant, and as to such of said interrogatories as it has not waived objection, the motion to vacate is granted.

See M. V. M. v. St. Paul Fire & Marine Ins. Co., D.C., 20 F.R.D. 296 for a helpful discussion.

Settle order.