Joseph **PETTUS**, Plaintiff,

v.

**GRACE LINE, INC.**, Defendant, Third-Party Plaintiff,

**Sealand Dock & Terminal Corp.** and **Federal Stevedoring Co., Inc.**, Third-Party Defendants.

**Civ. No. 16726.**

United States District Court
E. D. New York.
Oct. 14, 1958.

Philip F. Di Costanzo, Brooklyn, N. Y., for plaintiff. Edward D. Lory, Brooklyn, N. Y., of counsel.

Kirlin, Campbell & Keating, New York City, for defendant and third-party plaintiff, Grace Line, Inc.

William J. Kenney, New York City, for third-party defendant, Sealand Dock & Terminal Corp.

Monica & Feury, New York City, for third-party defendant, Federal Stevedoring Co., Inc., Joseph Feury, New York City, of counsel.

ZAVATT, District Judge.

The plaintiff objects to all of the interrogatories directed to him by the third-party defendant, Sealand Dock & Terminal Corp. and by the third-party defendant, Federal Stevedoring Co. Inc., on the ground that they are not directed to an "adverse party" within the meaning of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The plaintiff has instituted this action against the defendant to recover damages in the sum of $200,000 for personal injuries which he alleges to have sustained while he was aboard the S.S. "Santa Ana", a vessel owned by the defendant, as an employee of the third-party defendant, the Federal Stevedoring Co. Inc., in the capacity of a longshoreman. He contends that his injuries were due to the unseaworthiness of the vessel and also to the negligence of ship owner, its agents, servants and/or employees. The defendant impleaded Sealand Dock & Terminal Corp. and Federal Stevedoring Co., Inc., as third-party defendants. Each third-party defendant answered not only the third-party complaint but also the plaintiff's complaint and served a copy of its answer not only upon the third-party plaintiff but also upon the plaintiff. The answer of each third-party defendant denies the material allegations of the plaintiff's complaint and pleads several separate defenses thereto. Thereafter each third-party defendant addressed identical interrogatories to the plaintiff, to each of which the plaintiff objects.

The plaintiff contends that it is not an adverse party to these third-party defendants because the plaintiff's complaint does not state "a cause of action as against the said Third-Party Defendants, but states the cause of action solely and only as against the Defendant, Grace Line, Inc., that accordingly, neither the plaintiff nor either of the third-party defendants is a party entitled to propound and direct interrogatories to the other."

■■ Rule 14 of the Rules of Civil Procedure provides in part as follows "* * * the third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." This provision in Rule 14 is not mandatory but, rather, permissive. The third-party defendant may remain aloof from the controversy between the plaintiff and the defendant by refraining from asserting against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. If he does not avail himself of the right provided by Rule 14 then, obviously, there is no issue between the plaintiff and the third-party defendant and the plaintiff is not a party adverse to the third-party defendant. If, however, the third-party defendant does avail himself of this right afforded to him by Rule 14 then there are issues between the plaintiff and the third-party defendant and the plaintiff thereby becomes an adverse party. This, in effect, is the holding of District Judge Dimock of the Southern District of New York in the case of M. V. M., Inc., v. St. Paul Fire & Marine Insurance Co. (U. S. Lines Co.) D.C.S.D.N.Y.1957, 20 F.R.D. 296. See also Cooke v. Kilgore Mfg. Co., D.C. N.D.Ohio E.D.1954, 15 F.R.D. 465; Harlan Produce Co. v. Delaware L. & W. R.

Co., D.C.W.D.N.Y.1948, 8 F.R.D. 104. The plaintiff cites these 3 cases for the proposition that a third-party defendant may never direct interrogatories to a plaintiff where the plaintiff's complaint does not allege a claim against the third-party defendant. All that these cases hold is that a third-party defendant may not direct interrogatories to a plaintiff where there is no issue between them; where they have not locked horns. In the instant case the third-party defendants and the plaintiff are adverse parties; there are issues between them raised by the pleadings; they have locked horns.

The plaintiff's objections to the interrogatories directed to him by each of the third-party defendants are overruled. Settle Order.