Mattie HARRIS, as Administratrix of the Goods, Chattels and Credits of George Harris, deceased, Plaintiff,

v.

MARINE TRANSPORT LINES, Inc., Defendant and Third Party Plaintiff,

and

Todd Shipyards Corporation, Third Party Defendant.

Civ. No. 17766.

United States District Court
E. D. New York.

Oct. 21, 1958.

Mottur & Mottur, Brooklyn, N. Y., for plaintiff, William Mottur, Brooklyn, N. Y., of counsel.

Galli & Locker, New York City, for third party defendant, Edmund J. Fanning, New York City, of counsel.

ZAVATT, District Judge.

The third party defendant objects to all the interrogatories directed to it by the plaintiff on the ground that it is not an adverse party within the meaning of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The third party defendant is an adverse party. It answered not only the third party plaintiff's complaint but also the plaintiff's complaint and, therefore, is at issue with the plaintiff. The plaintiff, therefore, may serve written interrogatories upon the third party defendant. M. V. M., Inc., v. St. Paul Fire & Marine Ins. Co., D.C.S.D.N.Y.1957, 20 F.R.D. 296; Pettus v. Grace Line, D.C.E.D.N.Y., 166 F.Supp. 463. Insofar as the objections are made to all of the interrogatories upon the ground that the plaintiff and the third party defendant are not adverse parties within the meaning of Rule 33, Federal Rules of Civil Procedure, the objections are overruled.

The third party defendant objects in particular to interrogatories 6(f), 7(d), 10(d), 12(d), 19(f), 21(d), 25, 27(f), 28(g), 29(e), 30(k) (1), 31(e), 32(j) (o), 35(d), 41(c), and 43(f) on the ground that they call for photographs and documents, the discovery and production of which should be sought by motion under Rule 34, with the burden being on the plaintiff to show good cause therefor. The disputed interrogatories call upon the third party defendant to annex to his answers photostats of state-

ments obtained in investigation of the accident, prints of photographs of the situs of the accident, photostats of reports concerning the accident made to and by the third party defendant, surveys of the vessel, contracts and plans for the repairs thereof, photographs of the davits, winches, lifeboat and electrical equipment involved in the accident, and photostats of other documents specified therein.

It has been noted that "there is irreconcilable conflict among the decisions" as to whether a party may compel the production of copies of documents in conjunction with interrogatories propounded pursuant to Rule 33. Alfred Pearson & Co. v. Hayes, D.C.S.D.N.Y.1949, 9 F.R.D. 210. According to Professor Moore, "Most of the cases have held that interrogatories requesting copies of documents are not proper in any situation, [citing e. g., Kluchenac v. Oswald & Hess Co., 20 F.R.D. 87 (W.D.Pa.1957); Interborough News Co. v. Curtis Publishing Co., 14 F.R.D. 408 (S.D.N.Y.1953)] although a few courts have allowed such interrogatories in individual cases on the ground that a sufficient showing had been made to justify production under Rule 34 and that it would simply result in delay to require the party to make another motion under that Rule. [citing e. g., Alfred Pearson & Co. Ltd. v. Hayes, supra]". 4 Moore's Federal Practice § 33.22, see cases cited footnotes 6–8.

■ It is my view that the correct position with regard to this question is that stated by Judge Holtzoff in Webster Motor Car. Co. v. Packard Motor Car Co., D.C.D.C.1954, 16 F.R.D. 350, 351:

"The existence of specific documents may be inquired into; but a party may not be required by an interrogatory to attach a copy of a document. This relief may be obtained only by a motion for discovery and inspection under Rule 34. The Court recognizes that there is a difference of opinion among the decisions on this point. But Rule 34, which relates to discovery and inspection, contains certain limitations on this relief. To permit it to be granted without these limitations by interrogatories would defeat Rule 34."

■ An order for the inspection, copying or photographing of documents and photographs may be granted in a proper case under Rule 34 only upon a showing, inter alia, that the objects sought are in existence, that they constitute or contain evidence relevant to the subject matter of the action, and that there is good cause for granting such inspection and copying. It serves no valid purpose to attempt to short-cut these requirements by casting upon the party from whom discovery is sought the onus of objecting to interrogatories calling for the production of documents. There is no provision in Rule 33 for such production, even where sought in connection with permissible interrogatories. See Hickman v. Taylor, 1947, 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451. Furthermore, a party may not ordinarily compel his adversary to furnish copies of documents, photographs, reports, etc., even when inspection and copying are warranted under Rule 34. Niagara Duplicator Co., Inc., v. Shackleford, 1947, 82 U.S.App.D.C. 45, 160 F.2d 25.

■ Counsel are advised that henceforth this Court will order the production of documents for inspection and copying only upon a proper showing made under Rule 34. The specific objections are sustained. Settle order on notice.