**Helen SCHONBERGER, Plaintiff,**

v.

**BLUMENKRANZ OF LAKEWOOD, NEW JERSEY, Inc., et al., Defendant and Third-Party Defendants.**

**Civ. A. No. 549–58.**

United States District Court
D. New Jersey.
Dec. 1, 1958.

Fred Freeman, Newark, N. J., for plaintiff.

Mead, Gleeson, Hansen & Pantages, Newark, N. J., for third-party defendants.

MORRILL, District Judge.

The plaintiff, a guest at the defendant's hotel, sues for injuries caused by the explosion of a sun lamp made available by the defendant and bases her action on the alleged negligence of the defendant, particularly setting forth that the lamp was defective.

The defendant, as third-party plaintiff, brought in third-party defendants, the manufacturer, distributor and retail dealer of the lamp in question, as indemnitors.

Interrogatories were propounded by the manufacturer and the distributor to the plaintiff and these were resisted on the ground that these third-party defendants were not adverse parties to the plaintiff under Rule 33 of Fed.Rules Civ.Proc. 28 U.S.C., relying on Kestner v. Reading Co., D.C.E.D.Pa. 1957, 21 F.R.D. 303. This conclusion has reasoned support in Cooke v. Kilgore Mfg. Co., D.C.N.D.Ohio 1954, 15 F.R.D. 465. On the other hand, a less restrictive rule is applied in McAllister Lighterage Line, Inc. v. Oil Barge Vejoil No. 5, 13 Fed.Rules Serv. 33.21, Case 1 (S.D.N.Y.1949), and Spagna v. Bruusgaard v. United Fruit Co., 20 Fed.R.Serv. 33.21, Case 1 (S.D.N.Y. 1954).

Under Rule 14(a), F.R.C.P., a third-party defendant may assert *against* a plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. This these third-party defendants have done in the form of setting up contributory negligence and assumption of risk. To this extent, these third-party defendants are in reality adverse to the plaintiff and it is entirely proper that these third-party defendants require that the plaintiff answer their interrogatories relative to these defenses but not as to interrogatories which do not specifically point to these defenses.

The plaintiff will be required to answer interrogatories numbered 1, 2, 15, 16, 17, 18, 22, 23 and 24, within thirty days from the date hereof. The other interrogatories propounded need not be answered.

Present order accordingly.