Edward T. COYNE, Plaintiff,

v.

MONONGAHELA CONNECTING RAIL-
ROAD COMPANY, Defendant.

Civ. A. No. 17929.

United States District Court
W. D. Pennsylvania.

Oct. 29, 1959.

Ralph S. Davis, Jr., Evans, Ivory &
Evans, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, Kirkpatrick,
Pomeroy, Lockhart & Johnson, Pitts-
burgh, Pa., for defendant.

MARSH, District Judge.

The matters here under consideration are defendant's objections to interrogatories filed by the plaintiff on July 9, 1959. On that date plaintiff filed ninety-nine separately numbered interrogatories—many of which had sub-divisions —and the defendant subsequently filed objections to approximately forty-four of those interrogatories. At the oral argument most of the objections were disposed of by our rulings or agreements of counsel; we consider the remaining objections below.

Defendant objected to interrogatories 8 and 9 which ask the defendant to state the results of a medical examination which defendant gave plaintiff at or prior to the date of his original employment and to state what information plaintiff gave in connection with said examination as to his health and condition and past medical history, on the grounds, first, that the plaintiff here seeks the substance of reports which are only available to him upon a showing of good cause under Rule 34, Fed.R.Civ.P., 28 U.S.C., and, second, that obtaining the answers would place an unreasonable burden on the defendant. At the oral argument we tentatively overruled those objections.

■ Upon reconsideration of the above, we believe that our tentative ruling was erroneous. For, while we agree with the general principle that the mere fact that the information sought by interrogatories under Rule 33, Fed.R.Civ. P., must be procured by reference to documents is not a valid ground for objection to the interrogatories, Leonia Amusement Corp. v. Loew's, Inc., D.C. S.D.N.Y.1955, 18 F.R.D. 503, 508, we also must recognize the rule that where an interrogatory in effect seeks a *summarization* or *resume* of a document without a showing of good cause, the interrogatory is objectionable. See Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971; Kluchenac v. Oswald & Hess Co., D.C. W.D.Pa.1957, 20 F.R.D. 87; Wolf v. Dickinson, D.C.E.D.Pa.1953, 15 F.R.D. 407. Our further reflection has convinced us that interrogatories 8 and 9 do seek plaintiff's own prior statements made to his employer's medical agent, as well as, in effect, a resume of the medical report, and, therefore, the defendant's objections should be sustained. We should add that the medical report here in question was not made in connection with the injuries for which plaintiff sues to recover damages, and is, therefore, no different from any other document in the possession of an adverse party.

■ Inasmuch as the plaintiff withdrew interrogatories 10–14, inclusive, in the light of our original tentative ruling, we must now pass on the defendant's objections to those interrogatories. Interrogatories 10–13 are objected to on the grounds, inter alia, that they seek to discover possible impeaching evidence. Interrogatory 10 asks what, if any, investigation was made by the defendant as to the accuracy of the information which plaintiff gave in his employment application and medical examination. We think the defendant's objections to this interrogatory are not well taken and that it should be answered.

■ Interrogatories 11, 12 and 13 ultimately seek to discover in what respect the information which plaintiff gave in his employment application was incorrect—if it was incorrect at all. The defendant's objections to these interrogatories on the ground that they seek impeaching information are sustained at this time. See Bogatay v. Montour R. Co., infra.

■ Interrogatory 14 requests the names and addresses of all persons known to defendant who have knowledge concerning the state of plaintiff's health prior to the date on which plaintiff originally applied for employment with the defendant. The defendant objects, claiming burdensomeness and irrelevancy. The objection is overruled. It appears to the court that the answer to

this interrogatory could disclose a possible defense to the claim for damages, and defendant has not clearly demonstrated otherwise. See Mall Tool Co. v. Sterling Varnish Co., D.C.W.D.Pa.1951, 11 F.R.D. 576.

Interrogatories 23(c) and 23(d) are in principle the same as interrogatories 8 and 9 and for that reason our tentative rulings requiring the defendant to answer 23(c) and 23(d) should be vacated and the objection thereto sustained. On the basis of our tentative rulings on interrogatories 23(c) and 23(d), plaintiff withdrew interrogatories 24, 25, 26(a), 26(b) and 27. These interrogatories are the same in principle as interrogatories 10, 11, 12, 13 and 14, respectively; therefore, for the reasons set forth under our consideration of the former interrogatories, the objections to interrogatories 24 and 27 will be overruled and the objections to interrogatories 25, 26(a) and 26(b) will be sustained.

■ Interrogatory 57 requests the defendant to state in detail how the accident occurred. At the argument we tentatively sustained the defendant's objection to this interrogatory on the ground that it elicited opinions and conclusions which the defendant would have to form from the statements of various witnesses. Upon reconsideration, however, we believe that the interrogatory should be answered and the objection overruled. The answer, of course, may state the basis upon which it is made in order to avoid an admission of something defendant does not admit. See Vol. 4, Moore's Federal Practice and Procedure, ¶¶ 33.-07, 33.26, p. 2333, and cases cited.

■ The defendant also objects, on the grounds of relevancy, to interrogatories 79–82. Interrogatory 79 is as follows:

"79. Has plaintiff, to defendant's knowledge, engaged in any gainful employment except for defendant since the accident?"

Interrogatory 81 inquires:

"81. Has plaintiff, to defendant's knowledge, applied for employment to anyone other than defendant since the accident?"

Interrogatories 80 and 82 merely enlarge upon 79 and 81, respectively, and stand or fall with them. We think the defendant's objection is clearly untenable. The questions as framed seek to elicit information as to a possible defense to the claim for damages and as such are entirely proper. See Rule 26(b), Fed.R. Civ.P.; Vol. 4, Moore's Federal Practice and Procedure, ¶ 33.14, p. 2295. The defendant also raised the objection at oral argument that answering these interrogatories would require a burdensome and unreasonable investigation on defendant's part for information not readily known to it. We see no merit to this contention; the questions ask (and plaintiff in his brief specifically confirms this) whether defendant *has any* knowledge etc. We do not read this as requiring any investigation,—either the defendant presently *has* the knowledge or it has not—if the defendant has no such knowledge, then it simply states that it has no such knowledge. If defendant acquires such knowledge between now and time of trial, a negative answer should be promptly amended.

Interrogatories 89 and 90(a), (b), (c) are substantially the same as interrogatories 87 and 88(a), (b), (c) which were considered by Judge McIlvaine in the case of Bogatay v. Montour R. Co., D.C., 177 F.Supp. 269. We fully agree with Judge McIlvaine's ruling sustaining the objections to the interrogatories at this time and deferring answers until the pretrial conference.