**Walter A. DZIEDZINA**

v.

**DOLPHIN TANKER CORP. and Sinclair Refining Company, Defendants and Third Party Plaintiffs,**

v.

**ATLANTIC PORT CONTRACTORS, INC., Third Party Defendant.**

**No. 29540.**

United States District Court
E. D. Pennsylvania.

Oct. 5, 1962.

---

250

Freedman, Landy & Lorry, Marvin I. Barish, Philadelphia, Pa., for plaintiff.

Clark, Ladner, Fortenbaugh & Young, James F. McMullan, Jr., Philadelphia, Pa., for third party defendant.

KRAFT, District Judge.

The plaintiff objects to all of the interrogatories directed to him by the third-party defendant, Atlantic Port Contractors, Inc., on the ground that they are not directed to an "adverse party" within the meaning of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.

Plaintiff, a boilermaker employed by the third-party defendant, instituted this action against the defendants to recover damages for personal injuries which he alleges he sustained while he was aboard the S.S. "Edward L. Steiniger", a vessel allegedly owned and operated by defendants. He contends that his injuries were caused by the unseaworthiness of the vessel and the negligence of the defendants, their agents, servants and employes. The defendants impleaded Atlantic Port Contractors, Inc., as third-party defendant. The third-party defendant answered not only the third-party complaint, but also the plaintiff's complaint. The answer of the third-party defendant to plaintiff's complaint denies the material allegations thereof and pleads contributory negligence and assumption of risk; and further avers that plaintiff's sole remedy against the third-party defendant is compensation under "the United States Longshoremen and Harbor Workers' Compensation Act [33 U.S.C.A. § 901 et seq.]." Thereafter the third-party defendant addressed interrogatories to plaintiff, to each of which plaintiff objects.

F.R.C.P. 33 provides that any party may serve written interrogatories upon any "adverse party". In Kestner v. Reading Company, 21 F.R.D. 303 (E.D.Pa.1957), Chief Judge Kirkpatrick, speaking of this rule, stated:

"In every case which has been brought to my attention in which the point has been presented (see Cooke v. Kilgore Mfg. Co., D.C., 15 F.R.D. 465, and cases there cited), it has been held that the rule refers not to parties whose interest in the result of the litigation may be adverse but to parties who are on opposite sides of an issue raised by the pleadings or otherwise presented by the record. It would seem that a broader construction of the rule would present many difficulties and complications which are avoided by the simple expedient of having the matter governed by the record."

The third sentence of F.R.C.P. 14 provides that, "The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." While there appears to be some contrariety of opinion on the point, the great weight of authority supports the view that if the third-party defendant avails himself of the right afforded to him by Rule 14, there are issues between the plaintiff and the third-party defendant and the plaintiff thereby becomes an adverse party.

In Pettus v. Grace Line, Inc., 166 F.Supp. 463, (E.D.N.Y.1958), the cause of action and the position and relationship of the parties were precisely the same as here. Each third-party defendant answered not only the third-party complaint, but also the plaintiff's complaint. The answer of each third-party defendant denied the material allegations of the plaintiff's complaint and pleaded several separate defenses thereto. It was

held that the third-party defendants and the plaintiff were adverse parties within the meaning of F.R.C.P. 33. After quoting the third sentence of Rule 14, the Court went on to state, D.C., 166 F.Supp. at p. 464:

"This provision in Rule 14 is not mandatory but, rather, permissive. The third-party defendant may remain aloof from the controversy between the plaintiff and the defendant by refraining from asserting against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. If he does not avail himself of the right provided by Rule 14 then, obviously, there is no issue between the plaintiff and the third-party defendant and the plaintiff is not a party adverse to the third-party defendant. If, however, the third-party defendant does avail himself of this right afforded to him by Rule 14 then there are issues between the plaintiff and the third-party defendant and the plaintiff thereby becomes an adverse party. This, in effect, is the holding of District Judge Dimock of the Southern District of New York in the case of M.V.M., Inc., v. St. Paul Fire & Marine Insurance Co. (U. S. Lines Co.) D.C.S.D.N.Y. 1957, 20 F.R.D. 296. See also Cooke v. Kilgore Mfg. Co., D.C.N.D. Ohio E.D.1954, 15 F.R.D. 465; Harlan Produce Co. v. Delaware L. & W. R. Co., D.C.W.D.N.Y.1948, 8 F. R.D. 104. The plaintiff cites these 3 cases for the proposition that a third-party defendant may never direct interrogatories to a plaintiff where the plaintiff's complaint does not allege a claim against the third-party defendant. All that these cases hold is that a third-party defendant may not direct interrogatories to a plaintiff where there is no issue between them; where they have not locked horns. In the instant case the third-party defendants and the plaintiff are adverse parties; there

are issues between them raised by the pleadings; they have locked horns."

To the same effect, see Harris v. Marine Transport Lines, 22 F.R.D. 484 (E.D.N.Y.1958); Schoenberger v. Blumenkranz, 23 F.R.D. 16 (D.N.J.1958).

These cases, and others which might be cited represent the majority, and to us the sounder, view, and we regard them as dispositive of the issue.

Most of the cases relied upon by plaintiff are distinguishable on their facts. In Piro v. Port Lines, 22 F.R.D. 231 (E. D.N.Y.1958), it appears that the third-party defendant's answer raised no issue as against the plaintiff. In Kestner v. Reading Company, supra, 21 F.R.D. 303 (E.D.Pa.1957), the third-party defendant apparently did not avail itself of the right given by F.R.C.P. 14.

Plaintiff cites Harlan Produce Co. v. Delaware Lackawanna & W. R. Co. v. Century Indemnity Co. v. Nathan Erlich, Inc., 8 F.R.D. 104 (W.D.N.Y.1948), for the proposition—evidently quoting from Moore's Federal Practice, Vol. 4, p. 2275—that, "In reference to Rule 14 it has been held that a third-party defendant cannot serve interrogatories upon the plaintiff unless the plaintiff has amended to assert a claim against the third party, or the third party has asserted a claim against the plaintiff, because they are not 'adverse parties.'" Plaintiff has accidentally overlooked the Author's criticism of the case in Note 4 on the same page:

"This decision probably does not adequately take into account that even without an assertion of adverse claims, Rule 14 provides that 'The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim.'"

### ORDER

NOW, September 28, 1962, it is ordered that plaintiff's objections to the

interrogatories directed to him by the third-party defendant are overruled; and plaintiff shall file and serve his answers to said interrogatories within 30 days.