Deborah JONES, an infant, by Sara J. Jones, her mother and next friend, and Sara J. Jones, individually and as Administratrix of the Estate of Lewis N. Jones, deceased, to their own use and the use of the Liberty Mutual Insurance Company, a body corporate

v.

REDERAI A/B SOYA.

Civ. No. 13770.

United States District Court
D. Maryland.

Dec. 17, 1962.

Jacob D. Hornstein, Baltimore, Md., for plaintiffs.

Eugene A. Edgett, Jr., Baltimore, Md., for Liberty Mut. Ins. Co.

Jervis Spencer Finney, Baltimore, Md., for defendant.

NORTHROP, District Judge.

Before us for consideration is the objection of the use-plaintiff, Liberty Mutual Insurance Company (Liberty), to interrogatories propounded to it by the plaintiffs, Deborah Jones, infant, by

Sara J. Jones, her mother and next friend, and by Sara J. Jones, individually and as administratrix of the estate of Lewis N. Jones. The use-plaintiff objects on the ground that it is not an adverse party to the plaintiff within the meaning of Rule 33 of the Federal Rules of Civil Procedure.

The complaint, as supplemented by a bill of particulars, avers that the decedent, husband and father of the plaintiffs, Sara and Deborah Jones, respectively, and an employee of Baltimore Stevedoring Co., Inc., was fatally injured when the lifting gear of a faulty crane entangled and threw him while he was unloading the defendant's ship. It is further averred that the accident was solely caused by the negligent maintenance and unseaworthiness of the ship, without any negligence on the part of the decedent. The action not only seeks to recover damages for pain and suffering, funeral expenses, and loss of support to the plaintiffs, but also seeks to recover the use-plaintiff's expenditures for workmen's compensation benefits and for funeral expenses.

The defendant pleads absence of negligence and unseaworthiness, and that any injuries were caused by the decedent's negligence or by the failure of the stevedoring company. The stevedoring company has not been impleaded.

The disputed interrogatories ask the use-plaintiff for information about any investigation it may have caused to be made, the names of any eyewitnesses or persons (including its own employees) who may have given signed statements to it, the name of the custodian of any report made by its employees, and for a statement of Liberty's version of the accident. The use-plaintiff Liberty objects to all interrogatories.

Rule 33 of the Federal Rules of Civil Procedure reads in part:

"Any party may serve upon any *adverse* party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. * * * The provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule." [Emphasis supplied.]

Rule 30(b) permits the court in which the action is pending to order, *inter alia,* that the deposition shall not be taken. Since no party has requested a hearing under Rule 7 of this court, the objection is to be decided on the information in the file.[1]

Rule 33 may be contrasted with Rule 26(a) governing discovery, which reads in part:

"Any party may take the testimony of *any* person, including a *party,* by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action * * *." [Emphasis supplied.]

[2, 3] In regard to the express requirement in Rule 33 that the party interrogated be adverse, Vol. 2A of Barron and Holtzoff, Federal Practice and Procedure, § 774, p. 366, states:

"Generally the courts have interpreted 'adverse' as meaning that there must be an issue between the parties created by the pleadings, and have refused to allow the use

---

1. Rule 7 also requires that objections to interrogatories shall set forth verbatim each interrogatory to which objection is made. Literal compliance with this would

not seem essential where, as here, the party interrogated does not object to the substance of the interrogatories but rather denies its obligation to answer at all.

of interrogatories in the absence of such an issue even though there may be an actual conflict of interest."

See also Cooke v. Kilgore Mfg. Co., 15 F.R.D. 465, 468 (N.D.Ohio 1954), where

" * * * '[A]dverse party' as used in Rule 33 means a party to an action on the opposite side of an issue raised by the pleadings."

By these criteria the present interrogatories fail to meet the test of adverseness. While the interests of the plaintiffs and of Liberty might be adverse if the defendant should prove its averment that the stevedoring company was to blame for the accident, this is so far only speculation. As mentioned supra, the employer is not yet impleaded as a third-party defendant, and it is not clear that even such a third-party defendant—not to mention its insurer—would be "adverse" under Rule 33; cf. Piro v. Port Lines, 22 F.R.D. 231 (E.D. N.Y.1958). The plaintiffs in the present case are in no position to claim adverseness while simultaneously averring, as they do, that the action is brought on behalf of Liberty. The Rules of Civil Procedure have the force of statutes, Cooke v. Kilgore Mfg. Co., loc. cit. supra, and this court has no warrant to disregard the express requirements of Rule 33. We may add that the plaintiffs have ready means, by discovery under Rule 26, of obtaining the sort of information they have sought in these interrogatories.

For the foregoing reasons, the use-plaintiff's objection to the plaintiffs' interrogatories is sustained, and it shall not be required to answer them. Counsel for the use-plaintiff, Liberty Mutual Insurance Company, is to prepare and submit the appropriate order.