Robert FELDER

v.

SKIBS A/S IDAHO, Skibs A/S Samuel Bakke, Owners of the M. S. CONCORDIA TALEB, Respondents,

and

Robert C. Herd & Co., Inc., Respondent Impleaded.

Adm. No. 4444.

United States District Court
D. Maryland.

Jan. 20, 1964.

Bernard M. Goldstein, Baltimore, Md., for libelant.

Ober, Williams, Grimes & Stinson, Baltimore, Md., for respondents.

David R. Owen and Semmes, Bowen & Semmes, Baltimore, Md., for respondent impleaded.

THOMSEN, Chief Judge.

Respondent impleaded, a stevedoring company which employed libelant, has objected to the interrogatories served on it by libelant, on the ground that it is not an adverse party within the meaning of the 31st Admiralty Rule, which is like Civil Rule 33.

█ In civil cases it is generally held that if a third-party defendant answers plaintiff's complaint, as permitted but not required by Civil Rule 14, and asserts a defense which would bar plaintiff's recovery from defendant, it may serve interrogatories on plaintiff and plaintiff may serve interrogatories on it;[1] but if a third-party defendant remains aloof from the controversy between plaintiff and defendant, and does not answer plaintiff's complaint, it is not a party adverse to plaintiff, and neither need respond to interrogatories served on it by the other.[2] Adverse interests are not enough. The reason for the distinction is stated with characteristic lucidity by Judge Dimock in M. V. M., Inc. v. St. Paul Fire & Marine Ins. Co., S.D.N.Y., 20 F.R.D. 296 (1957).

The practice in admiralty is not so clear. The 56th Admiralty Rule, under which respondent impleaded was brought into the case on respondent's conditional claim for indemnity, differs in a number of respects from Civil Rule 14. The 56th Admiralty Rule provides, inter alia, that after a respondent impleaded has been served "such suit shall proceed as if such vessel or person had been originally proceeded against; the other parties in the suit shall answer the petition; the claimant of such vessel or such new party shall

1. Pettus v. Grace Line, Inc. (Sealand Dock & Terminal Corp.), E.D.N.Y., 166 F. Supp. 463 (1958); Harris v. Marine Transport Lines v. Todd Shipyards Corp., E.D.N.Y., 22 F.R.D. 484 (1958); Schonberger v. Blumenkranz, D.N.J., 23 F.R.D. 16 (1958).

2. Piro v. Port Lines, Limited, E.D.N.Y., 22 F.R.D. 231 (1958); Kestner v. Reading Company, E.D.Pa., 21 F.R.D. 303; M. V. M., Inc. v. St. Paul Fire & Marine Ins. Co., S.D.N.Y., 20 F.R.D.

296 (1957); Cooke v. Kilgore Mfg. Co., N.D.Ohio, 15 F.R.D. 465 (1954); Harlan Produce Co. v. Delaware, L. & W. R. Co., W.D.N.Y., 8 F.R.D. 104 (1948); Mozeika v. Kaufman Construction Company (Ingersoll-Rand Company), E.D.Pa., 25 F.R.D. 233 (1960); Biddle L. M. v. Hutchinson & Sons, M.D.Pa., 24 F.R.D. 256 (1959). Judge Watkins and Judge Chesnut ruled to the same effect, without opinion, in Civil Actions Nos. 10846 and 13090 in this Court.

answer the libel; and such further proceedings shall be had and decree rendered by the court in the suit as to law and justice shall appertain".

In McAllister Lighterage Line, Inc. v. Oil Barge Vejoil, S.D.N.Y., 13 F.R.Serv. 33.21, Case 1 (1949), Ryan Stevedoring Corp., an impleaded respondent in an admiralty suit, propounded interrogatories to the United States, an original respondent other than the one which impleaded Ryan. The court held that the original respondent, United States, was a party adverse to the impleaded respondent, Ryan, within the meaning of that word in Admiralty Rule 31, 28 U.S.C., despite the fact that there were no cross pleadings between them. The court indicated that adverse interests were enough but added: "A consideration of all of the pleadings in this action shows that there will be issues between the United States and Ryan Stevedoring Corp." In Smigiel v. Compagnie de Transports Oceaniques v. Marra Bros., E.D.Pa., 183 F.Supp. 518 (1960), the court sustained libelant's exceptions to interrogatories served on him by respondent impleaded, without discussing the Admiralty Rules, but citing civil cases which hold that unless a third-party defendant clearly challenges plaintiff's position, either by pleadings or other evidence in the record, the third-party defendant will not be considered adverse to plaintiff.

In the case at bar respondent impleaded has not answered the libel, as required by the 56th Admiralty Rule, nor has libelant answered the petition, as he is required to do. The Compensation Act, 33 U.S.C.A. § 901 et seq., prevents any direct recovery herein by libelant against respondent impleaded, and until the latter answers the libel, it is a matter of conjecture whether it will challenge libelant's position. The case has been set for trial the middle of next month.

Under these circumstances, respondent impleaded will be required to answer the libel within seven days from the date of this order, and, if it challenges libelant's position, to answer the interrogatories within ten days thereafter. Any exceptions to particular interrogatories must be filed within the seven days, and will stand for hearing on the following Friday. Libelant also will be required to answer the impleading petition within seven days.

It is so ordered.