LUGO, Angel and Luna, Maria by her guardian ad litem Lugo, Angel on behalf of themselves and on behalf of all others similarly situated

v.

HECKLER, Margaret,* Secretary, United States Department of Health and Human Services.

Civ. A. No. 81–3797.

United States District Court, E.D. Pennsylvania.

Aug. 5, 1983.

---

* Pursuant to Fed.R.Civ.P. 25(d)(1), Margaret Heckler, the current Secretary of Health and Human Services, has been substituted for defendant Richard Schweiker, the former Secretary.

Henry Sommer, David Hill, Philadelphia, Pa., for plaintiff.

Joan Garner, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiffs, Angelo Lugo and Maria Luna, are common-law husband and wife. Lugo's sole source of income is supplemental security income ("SSI"). Because Luna is unable to manage her affairs, Lugo is the representative payee for the social security disability benefits and SSI Luna receives. Plaintiffs commenced this action on September 21, 1981, then filed an amended complaint on December 16, 1981. They seek declaratory and injunctive relief, alleging that the Secretary of Health and Human Services ("Secretary") acted unconstitutionally by withholding social security benefits in order to recoup overpayments without giving them prior notice or a hear-

ing on whether waiver of recoupment was appropriate.

Plaintiffs filed a motion for class action certification on December 17, 1981. The Secretary responded to the motion and moved the court to remand plaintiffs' case to the Secretary for further proceedings. On April 16, 1982, the court ordered that it would hold the motion to certify the class in abeyance and remanded the case to the Secretary. On remand, the Social Security Administration ("Administration" or "SSA") determined that Luna was not liable for overpayments made to Lugo because the overpayments to Lugo occurred before Luna became eligible for SSI benefits. Thus, the Administration conceded that "[t]he offsetting of benefits due Maria Luna against overpaid benefits to [Lugo] was improper." Plaintiffs' Motion to Reinstate Complaint, Exhibit A, at 1. The Administration waived recovery of Lugo's overpayments and issued a check to plaintiffs for the previous underpayment to Luna.

After the administrative action on remand was completed, plaintiffs moved the court to reinstate the complaint. The court granted plaintiffs' motion on September 29, 1982 and directed the defendant to file a responsive pleading to plaintiffs' amended complaint within twenty days of its order. The Secretary answered the amended complaint on October 19, 1982.

Now before the court are a motion to intervene as named plaintiffs, filed by Sarah M. Pickels on behalf of Edward Pickels and Edward F. Terebieniec, a motion to certify the class, and a motion for sanctions against the Secretary for failure to comply with plaintiffs' requests for discovery. I will grant the motions to intervene and certify a class. I will grant in part and deny in part the motion for sanctions.

█ In support of their motion to intervene as named plaintiffs, Pickels and Terebieniec state that their claims contain questions of law and fact common to those of the proposed class, that Lugo and Luna "may not be in a position to fully represent

all of the ... interests," that allowing the movants to intervene will not delay or prejudice any party, and that permitting intervention will serve justice and judicial efficiency. Terebieniec receives social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 301–1396 (1980), as amended ("Act"), whereas Lugo, Luna and Edward Pickels receive benefits pursuant to Title XVI. When Messrs. Terebieniec and Pickels incurred overpayments, the Administration offset the overpayments against other benefits due the recipients without affording them prior notice or a hearing on the appropriateness of waiving recoupment. The Secretary has already determined that the recovery from Luna of overpayments to Lugo was improper and, consequently, has reimbursed the underpaid amount to Luna. Inasmuch as the impropriety of the recoupment has been decided with regard to Lugo and Luna, plaintiffs now arguably have interests which differ from those of the proposed class, and they might, therefore, not represent the class adequately. Under these circumstances, the court concludes that Pickels and Terebieniec should be allowed to intervene as named plaintiffs. See Fed.R.Civ.P. 24.

Plaintiffs, Luna and Lugo, have moved the court to allow them to bring this suit as a class action on behalf of themselves and:

All persons who (1) have been or will in the future be determined eligible for social security or SSI benefits, (2) are or will be entitled to any payment of benefits due for prior months, and (3) have had or are subject to having all or a part of any retroactive benefits withheld from prompt payment or adjusted by defendant in order to recoup alleged prior overpayments of benefits without having been granted notice and an opportunity for a hearing on the issue of waiver of such recoupment or adjustment prior to the withholding of such benefits. As to class members whose benefits have already been adjusted or recouped, the class shall include all persons as to whom

notice of the adjusted amount of benefits was received within four years prior to commencement of this action.

The class shall not include any persons as to whom a court decision on the issues presented in this case has already been rendered.

The Secretary argues that the proposed class includes persons who have not exhausted administrative remedies and as to whom the Secretary does not waive exhaustion. The Secretary also opposes the certification of the class on the ground that the class description is too broad to comport with the guidelines set forth by the Supreme Court. Moreover, the Secretary contends that the class does not meet the requirements of Fed.R.Civ.P. 23 because plaintiffs are not representative of the class and plaintiffs have not proven numerosity.

 Plaintiffs assert that the allegedly illegal actions of the Secretary violate their right to due process. If their characterization of the claim is correct, exhaustion is not required because decisions on constitutional issues are outside the Secretary's purview. *Goldberg v. Kelly,* 397 U.S. 254, 259, 261–65, 90 S.Ct. 1011, 1015, 1016–19, 25 L.Ed.2d 287 (1970). The government, on the other hand, contends that the issue *sub judice* is one of statutory interpretation, i.e., whether the regulations governing the amount of an overpayment, which the Secretary promulgated, are a valid exercise of the powers granted to her by the Act. Judicial review of the Secretary's decisions is governed by 42 U.S.C. § 405(g) which provides for review "after any final decision of the Secretary made after a hearing to which ... [the claimant] was a party."[1] The "final decision" requirement consists of two elements; one element may be waived, whereas the other may not. Under the nonwaivable element, the plaintiff must have presented a claim for benefits to the Secretary. The waivable element is that plaintiff must have exhausted the adminis-

---

1. 42 U.S.C. § 1383(c)(3), which concerns judicial review of disability determinations, such as Terebieniec's, incorporates § 405(g).

trative remedies provided by the Secretary. The Secretary may waive the exhaustion requirement, and where, as here, the Secretary refuses to waive exhaustion, the court, on its own determination, may do so. *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); *Liberty Alliance v. Califano,* 568 F.2d 333, 344 (3d Cir.1977).

▨ Because the presentation to the Secretary of a claim for benefits is a prerequisite to the vesting of jurisdiction in this court, the class clearly must be restricted to individuals who are subject to the challenged procedures and make claims for benefits. *Califano v. Yamasaki,* 442 U.S. 682, 703–04, 99 S.Ct. 2545, 2558–59, 61 L.Ed.2d 176 (1979). When considering whether to waive the exhaustion requirement, the court must determine whether the claimant's interest in prompt resolution of an issue is great enough to render deference to administrative procedures inappropriate,[2] or whether exhaustion would be futile. *Smith v. Schweiker,* 709 F.2d 777 at 780 (2d Cir.1983); *see Mathews,* 424 U.S. at 330–31, 96 S.Ct. at 900–01; *Liberty Alliance,* 568 F.2d at 344–46. The poverty and disability of benefit claimants make undue delay in benefit recovery undesirable. Furthermore, and more importantly, in the case *sub judice,* deeming the exhaustion of administrative remedies a prerequisite to class membership would be useless.[3] First, as the Court has stated,

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency can function efficiently and so that it may correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.... Once a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy

the Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest.

*Weinberger v. Salfi,* 422 U.S. 749, 765–66, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975). Second, where, as here, the Secretary has had ample opportunity to take a definite position on a legal issue, and has done so, requiring the exhaustion of administrative remedies by multiple claimants who are presenting an identical legal issue is inutile. *Liberty Alliance,* 568 F.2d at 345. Accordingly, the court concludes that waiver of the administrative exhaustion requirement is appropriate in the instant case.

▨ The court next considers whether, as the Secretary maintains, the proposed class is too broad to comport with the guidelines set by the Court. The Secretary argues that a nationwide class is inappropriate because allowing individuals who do not reside in this district to be members of the class would contravene the Act's venue provision.[4] As a substantive matter, the Secretary's argument with regard to venue is unavailing. The Supreme Court has stated that nationwide classes may be appropriate in some social security litigation. *Yamasaki,* 442 U.S. at 702–03, 99 S.Ct. at 2558–59. Furthermore, in their reply brief, plaintiffs assert that they would not object to limiting class membership to individuals who, *inter alia,* are served by the Department of Health and Human Services ("HHS") Philadelphia regional office. I will, therefore, restrict class membership to claimants served by the Philadelphia office of HHS.

▨ The court next considers whether the proposed class meets the requirements of Fed.R.Civ.P. 23, i.e., numerosity, commonality, typicality and adequacy. The

---

**2.** *See Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976).

**3.** *Accord Rivera v. Heckler,* 568 F.Supp. 235, 240 (D.N.J.1983).

**4.** 42 U.S.C. § 405(g), the applicable venue provision, states, in pertinent part, "[s]uch action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business ...."

Secretary challenges the adequacy and numerosity of the proposed class. First, defendant argues that the claims of plaintiffs Lugo and Luna are not representative of those of the class they seek to represent and that Lugo and Luna are, therefore, not adequate representatives. Even if this were so, the court notes that the intervention as named plaintiffs of Pickels and Terebieniec, whose claims are indisputably the same as those of the class, renders insignificant the possible atypicality of Lugo and Luna's claims, for there is evidence that Pickels and Terebieniec will fully and adequately represent the class.

The Secretary next contends plaintiffs have failed to prove that the class meets the numerosity requirement of Fed.R.Civ.P. 23(a)(1).[5] The Secretary's supplemental response to plaintiffs' interrogatories demonstrates that, in Pennsylvania alone, several thousand overpayments are made every year and that some portion of these overpayments are recovered in the manner challenged by plaintiffs.[6] Assuming *arguendo* that a small fraction of the overpayments is offset against future benefits, the numerosity requirement would be met. Under these circumstances, the court concludes that it should deem the fact of numerosity established and the requirements of Fed.R. Civ.P. 23(a) met. *See Cooper v. Califano*, 81 F.R.D. 57, 68 (E.D.Pa.1978).

The court is not persuaded by the Secretary's arguments in opposition to class certification. Accordingly, pursuant to Fed.R. Civ.P. 23(b)(2), I will certify a class represented by Angel Lugo, Maria Luna, Sarah H. Pickels, on behalf of Edward Pickels, and Edward F. Terebieniec, consisting of all persons who:

1. have been, are, or will be served by the Philadelphia regional office of the United States Department of Health and Human Services;

2. have been or will be determined eligible for social security or SSI benefits;

3. have been or will be entitled to payment of benefits due for prior months;

4. have had or will have all or part of retroactive benefits withheld from prompt payment or adjusted by defendant in order to recoup previous overpayment of benefits without receiving notice and an opportunity for a hearing on the issue of waiver of said recoupment or adjustment prior to such withholding or adjusting by defendant;

5. have made or will make a claim to defendant requesting the release of benefits withheld or adjusted.

As to those class members whose benefits have already been adjusted or recouped, the class includes all persons who received notice of the adjusted/recouped amount of benefits within four years before the commencement of this case. The class does not include any person as to whom a court has already rendered a decision on the issues presented in this case.

■ Finally, the court considers plaintiffs' motion for sanctions for defendant's failure to make discovery with regard to the size of the class. Plaintiffs seek an order compelling defendant to answer fully their request for admission and interrogatories. Plaintiffs also seek an award for the attorneys' fees incurred in the preparation of the motion. On May 26, 1983 the Secretary filed a supplemental response to plaintiff's interrogatories and the affidavit of Harris Factor, Director, Office of Regulations, SSA/HHS. In said response, defendant provided such information as it had. Defendant also averred that, in order to respond to plaintiffs' interrogatories and request for admission with more specificity, the Administration would have to incur great expense and amass manually or generate electronically information which is of no value to it. Where an alternative is available, no party should be required to do independent research in order to acquire information with which to answer interrog-

---

5. As will be discussed *infra,* information with regard to numerosity is the subject of plaintiffs' motion for sanctions for failure to make discovery.

6. The Secretary is unable to provide exact data with regard to the number of recoupments made annually.

atories. *Kluchenac v. Oswald & Hess Co.*, 20 F.R.D. 87, 88–89 (W.D.Pa.1957); 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2174, at 551–52 (1970). Defendant has demonstrated that plaintiffs' request for admission and interrogatories are unduly burdensome. The court will not therefore order defendant to answer them.[7]

The court has found that the government's answers to interrogatories provide a sufficient basis upon which to establish numerosity. Thus, the primary relief sought by plaintiffs—deeming numerosity established—has been granted. I conclude that the government's failure to provide surplus information is not grounds for assessing attorneys' fees against it.

---

7. In the reply memorandum in support of their motion for sanctions, plaintiffs request the court to order defendant to make available the information with which to do a statistical study of numerosity if the court does not order defendant to answer plaintiffs' discovery requests. Plaintiffs do not, however, demonstrate a need for such a study other than to prove that the numerosity requirement for class certification is met. Having decided to certify the class, I deny plaintiffs' alternative request.