**Larry MOTTON, Plaintiff,**

v.

**David OWENS, et al., Defendants.**

**No. 3:CV–89–668.**

United States District Court,
M.D. Pennsylvania.

Nov. 6, 1989.

Larry Motton, Dallas, Tex., pro se.

Thomas B. York, Deputy Atty. Gen. of Pennsylvania, Harrisburg, Pa., for defendants.

## MEMORANDUM

JOSEPH F. CIMINI, United States Magistrate.

The plaintiff in the above-captioned civil action, Larry Motton, has initiated discovery proceedings under the Federal Rules of Civil Procedure. On August 4, 1989, Plaintiff Motton filed a copy of the request he was making to the defendants for production of documents, F.R.Civ.P. 34, *viz.:*

 1. The Central File containing complete prison records of Plaintiff;

 2. All written statements originals or copies identifiable as reports of or made by prison and civilian employees of the Department of Corrections Bureau of Prisons and Prisoner witnesses.

 3. All medical reports of Larry Motton AP 5195;

 4. All interdepartmental memoranda concerning RHU's;

 5. All Rules Regulations and Policy Statements/directive of the Pennsylvania Department of Corrections Bureau of Prisons and the State Correctional Institution at Dallas (SCID).

[*Please see* docket item number 19.] On September 5, 1989, the defendants filed their response to said request for production. Through counsel, the defendants have objected to each of the plaintiff's five

(5) items of request. [*Please see* docket item number 22.]

Plaintiff Motton now moves for an order compelling discovery, in the form of Defendants producing the five (5) items he had requested. Plaintiff Motton's motion invokes provisions of the Pennsylvania Rules of Civil Procedure, which is inappropriate. Plaintiff's motion to compel discovery is proper, however, under Rule 37(a) of the Federal Rules of Civil Procedure. His motion is supported by a brief, which does cite Rule 37, and the defendants oppose it via their own brief. [*Please see* docket items numbered 23, 25, and 26.] Plaintiff has not opted to file and serve a reply brief, so that this matter is ripe for determination by the Magistrate. *Cf.:* Title 28 United States Code, section 636(b)(1)(A); Rule 72(a), Federal Rules of Civil Procedure; Rules 901.3 and 901.6, Rules of the United States District Court for the Middle District of Pennsylvania.

The defendants have objected to each and every one of the plaintiff's five (5) items of request for production as overly broad, unduly burdensome, and not relevant. In the brief in support of his motion for an order compelling discovery Larry Motton argues that his overall Rule 34 request is relevant to the subject matter of the lawsuit—but, Plaintiff merely states his conclusions as to such relevance and never hints any reason why each item in his request is relevant. In said brief Larry Motton also argues that the defense claim "on the grounds of burden" has no merit. Plaintiff contends that the discovery he seeks "consists only of documents concerning the plaintiff." In an attachment to his motion, styled "Complaint", Plaintiff does state that he *"only"* requests documents relevant to March 30, 1989. Plaintiff fails to include such a statement, however, in his supporting brief.

 Contrary to the plaintiff's position, the defendants maintain that his Rule 34 request should not be honored. They do give reasons why the discovery Larry Motton seeks is overly broad, unduly burdensome, and irrelevant. Because the defendants have demonstrated these factors, the Magistrate shall not grant the plaintiff's motion for an order compelling discovery. *Cf.: Lugo v. Heckler,* 98 F.R.D. 709, 715 (E.D.Pa.1983). Plaintiff's Rule 34 request is *not* saved by the statement he makes in the "Complaint" attached to his instant motion, *viz.:*

6. I *only* request these Documents that are relevant to March 30, 1989.

[*Please see* docket item number 23.] This somewhat hidden and belated clarification does not entitle Plaintiff to the remedy provided by Rule 37(a) of the Federal Rules of Civil Procedure. The fact of the matter on record is that Larry Motton's request for production never indicated that he was requesting only those documents relevant to March 30, 1989. Plaintiff's Rule 34 request provides no time frame whatsoever, let alone a specific date. Indeed, his failure to have requested production pertaining to a relevant time period itself makes Plaintiff's discovery overbroad and unduly burdensome. *Cf.: Robbins v. Camden City Board of Education,* 105 F.R.D. 49, 60 (D.N.J.1985). This shortcoming simply may not be cured by Larry Motton's statement in the sixth paragraph of the so-called "Complaint" he attached to his Rule 37(a) motion.

The plaintiff is well advised in the Conclusion to the defendants' Brief in opposition to this motion, *viz.:*

> He should be directed to file more narrow requests that only include any prison records, statements, and dispensary records which relate to the alleged incident on March 30, 1989.

And, while the Magistrate declines to give the directions suggested by the defense to Plaintiff Motton, the denial of his instant motion shall be without prejudice to him to submit another Rule 34 request.

An appropriate Order follows.

## ORDER

AND NOW, this 6th day of November, 1989, in accordance with the accompanying Memorandum, IT IS ORDERED THAT:

1. Defendants' objections to Plaintiff's request for production of documents be and hereby are sustained.

2. Plaintiff's motion for an order compelling discovery, filed September 25, 1989, as his "Motion for Production of Documents", be and hereby is denied.

3. The denial of Plaintiff's motion be and hereby is without prejudice to him to submit another request pursuant to F.R. Civ.P. 34.

4. The parties be and hereby are directed to bear their own expenses incurred in relation to the motion, F.R.Civ.P. 37(a)(4).